IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYSHAWN BATISTE, <br>    *Plaintiff*, | § <br> § <br> § <br> § <br> § | |
| v. | § <br> § <br> § <br> § | CIVIL ACTION NO. 4:24-cv-00368 |
| CHIEF TROY FINNER, Individually <br> SGT. D. RUSSELL, Individually <br> OFFICER F. RAHIMZADEH, <br> Individually, <br> OFFICER G. R. GREENLEA, <br> Individually, <br> OFFICER C. DONOVAN, <br> Individually and <br> THE CITY OF HOUSTON, <br>    Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, RAYSHAWN BATISTE complaining of THE CITY OF HOUSTON, TEXAS; CHIEF TROY FINNER, *Individually;* SGT. D. RUSSELL*, Individually;* OFFICER F. RAHIMZADEH, *Individually;* OFFICER GARRETT R. GREENLEA, *Individually; and* OFFICER CHRISTOPHER DONOVAN, *Individually,* and will show the Court the following:

1

**<u>INTRODUCTION</u>**

1. This is an action for Constitutional violations and state law claims suffered by Plaintiff as a result of the unreasonable search and seizure of Plaintiff and fabricated evidence. Plaintiff brings this action for compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and severally deprived Plaintiff of his federally-protected right to be free from an unreasonable search and seizure as well as fabricated evidence. U.S. CONST. Amendments IV and XIV.

2. Plaintiff bring this action through 42 U.S.C. § 1983 and § 1988.

3. As a direct result of the policies, practices, customs and procedures of the City of Houston ('Houston'), Plaintiff was intentionally deprived of his constitutional right to be free from unreasonable searches and seizures guaranteed to him by the Fourth Amendment to the United States Constitution. Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan, peace officers acting in the course and scope of their employment with The Houston Police Department, Texas, and acting under color of state law, unjustifiably and unlawfully detained, unlawfully searched and unlawfully seized Plaintiff's personal property and his person under circumstances where no reasonable police officer would have done so. Under long established law on violating constitutional rights of the Fourth and Fourteenth Amendments of the United States Constitution, Defendants, Seargent D. Russell, Officer F. Rahimzadeh,

Officer Garrett Greenlea, and Officer Christopher Donovan are not entitled to qualified or other immunity for these actions because their conduct violated clearly established statutory or constitutional rights of Plaintiff that were reasonably known to all Defendants.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This court has jurisdiction over Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343(3) (civil rights). This court further has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 (supplemental jurisdiction) as those claims form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court, under 28 U.S.C. § 1391(b) because the incident at issue took place in Harris County, Texas within the United States Southern District of Texas.

## PARTIES

6. Plaintiff, Rayshawn Batiste is an individual who lives in Houston, Texas.

7. Defendant CITY OF HOUSTON, TEXAS, is a municipality existing under the laws of the State of Texas and situated mainly in Harris County, Texas in the

3

U.S. Southern District of Texas and can be served with process by serving the City of Houston Secretary at 901 Bagby, Houston, TX 77002.

8. Defendant CHIEF TROY FINNER (hereinafter, "Chief Finner"), *Individually,* is sued in his individual capacity and can be served with process at 1200 Travis Street, Houston, TX 77002 or wherever he is found.

9. Defendant, SGT. D. RUSSELL, payroll #101599, (hereinafter, "Sgt. Russell"), *Individually,* at all times relevant was a Houston police officer and is sued in his individual capacity and can be served with process at 1200 Travis Street, Houston, TX 77002 or wherever he may be found.

10. Defendant, Officer F. RAHIMZADEH, payroll #163908, (hereinafter, "Officer Rahimzadeh"), *Individually,* at all times relevant was Houston police officer and is sued in her individual capacity and can be served with process at 1200 Travis Street, Houston, TX 77002 or wherever he may be found.

11. Defendant, Officer GARRETT R. GREENLEA, payroll #163405 (hereinafter, "Officer Greenlea"), *Individually,* at all times relevant was Houston police officer and is sued in his individual capacity and can be served with process at 1200 Travis Street, Houston, TX 77002 or wherever he may be found.

12. Defendant, Officer CHRISTOPHER DONOVAN, payroll #162509, hereinafter, "Officer Donovan"), *Individually,* at all times relevant was a Houston

police officer and is sued in his individual capacity and can be served with process at 1200 Travis Street, Houston, TX 77002 or wherever he may be found.

## **BACKGROUND**

13. On February 2, 2022, Defendants, Seargent D. Russell; Officer F. Rahimzadeh; Officer Garrett Greenlea; and Officer Christopher Donovan along with Officer Dylan Schad, all Officers of the City of Houston Police Department were conducting an undercover narcotics operation at the Lucky Store located at 8900 S. Braeswood Blvd., Houston, 77074. Officer F. Rahimzadeh, working as an undercover officer, approached a male, later to be identified as Suspect, Brandon Dunbar, in front of the store and asked him if he could get her some "hard." Hard is a street name for crack cocaine. The male responded in the affirmative and Officer Rahimzadeh gave Brandon Dunbar a marked twenty-dollar bill.

14. The male entered the store and according to Officer Rahimzadeh, she saw Brandon Dunbar briefly speak to another male, later identified as Rayshawn Batiste, in the store. Rayshawn Batiste had entered the store before Officer Rahimzadeh arrived in front of the store. After buying some snacks, Rayshawn Batiste left the store and was walking across the store parking lot toward his residence. Soon

5

thereafter, the first male, Brandon Dunbar, exited the store and gave crack cocaine to Officer Rahimzadeh.

15. Officer Rahimzadeh communicated to the surveillance team and marked unit officers to move in and detain Brandon Dunbar and Rayshawn Batiste. It should be noted that Officer Rahimzadeh testified in the criminal trial against Rayshawn Batiste on March 9, 2023, that she could only see Brandon Dunbar and Rayshawn Batiste from about the shoulder to their heads. Officer Rahimzadeh testified that the conversation between the two men was brief and that she did not see a hand-to-hand transaction occur between them. A hand-to-hand transaction under the circumstances could have given Defendants reasonable suspicion to detain Plaintiff for an investigation only.

16. Rayshawn Batiste had stopped walking because he was looking back to see what was going on at the store with all of the police vehicles arriving. Officer Greenlea called out to Rayshawn Batiste for him to come back. Officer Greenlea walked to Rayshawn Batiste and detained Rayshawn Batiste by handcuffing him. Rayshawn Batiste was taken back to the store to a marked police vehicle.

17. Rayshawn Batiste was immediately strip searched for minutes by Officer Greenlea. Plaintiff's shoes were removed, his socks were removed, his pockets were searched, his belongings were seized. Officer Greenlea gave Rayshawn Batiste's

money to Officer Dylan Schad. Officer Greenlea then physically searched Rayshawn Batiste's genitals, as well as his buttocks while using a flashlight. Rayshawn Batiste's genitalia and buttocks can clearly be seen on Officer Greenlea's body worn camera video. Officer Greenlea grabbed the front crotch of Plaintiff and shook it looking for contraband.

18. Rayshawn Batiste was then placed in the back seat of the marked patrol vehicle. Officer Greenlea nor any of the other officers attempted to conduct an investigation into whether Rayshawn Batiste was involved in the drug transaction initiated by Officer Rahimzadeh. None of the HPD officers on the scene asked Rayshawn Batiste any questions or attempted to check the store's internal surveillance camera video to determine whether Rayshawn Batiste was involved in the drug transaction with Brandon Dunbar before thoroughly strip-searching Rayshawn Batiste's person, before seizing his personal property and seizing his person.

19. Officer Dylan Schad began counting and going through Rayshawn Batiste's money and searching for the marked twenty dollar bill that Officer Rahimzadeh had given to Brandon Dunbar for the purchase of the crack cocaine. Officer Schad asked Officer Garrett Greenlea for the serial numbers of the marked bills. Officer Greenlea went to his patrol vehicle, retrieved his cell phone and pulled

up an image of the marked bills Officer Rahimzadeh had been issued for the narcotics sting.

20. Officer Dylan Schad and Officer Garrett Greenlea looked through the money Rayshawn Batiste had on his person for over twelve and half minutes searching for the marked bill. The marked bill could not be found. The marked bill was not found in the money seized from Brandon Dunbar as well. It should be noted that a third male was handcuffed and detained from inside the store but for some reason this individual's identity or why he was detained is not mentioned anywhere in the offense report. All of these events are documented on body worn camera videos of Officer Greenlea and Officer Schad.

21. Eventually, Seargent Russell pulled some papers, which were photocopies of marked bills, and what appears to be a twenty-dollar bill, from his pocket. Seargent Russell then appears to hand something to Officer Schad out of view of Officer Schad's body worn camera. Seargent Russell then pointed to a bill on the photocopy that he had pulled from his pocket and told Officer Schad, "Edward Henry 5, 3 is the first three." Seargent Russell then says, "Got it?" and Officer Schad then immediately finds the alleged marked bill in the cash.

22. At about the 12:38 time stamp on Officer Greenlea's body worn camera video, it pauses and the video jumps forward. This happens right at the moment that

Seargent Russell is handing something to Officer Schad while Officer Greenlea is walking by Seargent Russell and Officer Schad. It is obvious that the video has been edited to remove some content that Officer Greenlea's body worn camera had recorded. Body worn camera videos should play continuously without any pauses or skips. Rayshawn Batiste was charged with Possession of a Controlled Substance and taken to jail after Officer Schad finally allegedly found the marked bill, a twenty dollar bill, out of $260.00 in twenty dollar bills seized from Plaintiff's pocket. Plaintiff had to post a bond and hire an attorney to defend the charge.

23. On March 9, 2023, a jury trial commenced in the 178th District Court of Harris County. Defense counsel filed a motion to suppress the evidence because of an illegal detention, illegal search and illegal seizure of Rayshawn Batiste's personal property and his person. The motion was carried along with the trial. Twelve jurors saw the body worn camera video of Rayshawn Batiste being searched. Defense counsel requested for the trial judge to order prosecutors to blur the genitals and buttocks of Plaintiff, however the jury still were able to see Plaintiff's genitals and buttocks.

24. The jury saw video footage of Rayshawn Batiste's penis, pubic hair and his buttocks. This same video also was seen by employees of the Houston Police

Department and employees of the Harris County District Attorney's Office, as well as staff of the 178th District Court, including the presiding judge.

25. After Officer Rahimzadeh and Officer Greenlea testified, the presiding judge watched Officer Greenlea's body worn camera video during a break and she was ready to hear argument on the motion to suppress. Defense counsel argued the motion to suppress to the Court, the judge found that the detention, search and arrest of Rayshawn Batiste exceeded the scope of reasonable suspicion, there was no probable cause, the officer's conduct was illegal and she granted the motion to suppress evidence. The State immediately dismissed the case against Rayshawn Batiste.

26. Defendants, Seargent Russell, Officer Rahimzadeh, Officer Greenlea, and Officer Donovan along with Officer Dylan Schad, intentionally and wrongfully subjected Rayshawn Batiste to public humiliation for over an hour and they violated his rights under the Texas and United States Constitution.

## VIOLATION OF THE 4TH AND 14TH FOURTEENTH AMENDMENTS

27. Plaintiff incorporates all preceding paragraphs 1 through 26 as if set fully set forth herein.

28. The Fourth Amendments guarantees everyone the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and

10

seizures." *U.S. Const. amend. IV.* The 14th Amendment allows for due process of law. Such violations are actionable pursuant to 42 U.S.C. Section 1983 and 1988. Unreasonable searches include those that disrobe arrestees in public, absent an extremely compelling need on the part of law enforcement. *See Illinois v. Lafayette*,462 U.S. 640, 645 (1983), *Amaechi v. West*, 237 F.3d 356, 361 (4th Cir. 2001), *Starks v. City of Minneapolis*, 6 F.Supp.2d 1084, 1088 (D. Minn. 1998).

29. The force used by Defendants, Seargent Russell, Officer Rahimzadeh, Officer Greenlea, and Officer Donovan against Plaintiff was in great excess to the need to use such force, and the method of strip searching Plaintiff without probable cause, was an excessive, unreasonable and unlawful method of search, which constituted both an unreasonable seizure and an unreasonable search of Plaintiff, along with fabricated evidence of a tampered body worn camera video and an alleged marked twenty dollar bill allegedly found on Plaintiff's person, violated Plaintiff's due process rights under the Fourth and Fourteenth Amendments of the United States Constitution, respectfully. On February 2, 2022, Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan along with Officer Dylan Schad, violated federal statutory or constitutional rights of Plaintiff, namely the Fourth and Fourteenth Amendments of the United States Constitution, and the unlawfulness of their conduct was clearly established at the time of the violation.

30. Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan caused, witnessed or knew about the excessive force and unreasonable search and seizure used against Mr. Batiste, and all individually saw the illegal search and seizure of Rayshawn Batiste and either directly participated or chose not to intervene to prevent the illegal search, illegal seizure, fabricated evidence and illegal arrest that infringed upon the constitutional rights of Plaintiff, Rayshawn Batiste as guaranteed by the 4th and 14th Amendments of the United States Constitution to which all Defendants were reasonably aware of at the time as licensed peace officers.

31. Before the date of the incident at issue, the City of Houston has put forth a custom, policy, practice, and procedure of allowing the Houston Police Department to use excessive force and unreasonable searches and seizures of individuals. The City of Houston has put forth a custom, policy, practice, and procedure of not disciplining or training officers adequately and is therefore liable under 42 U.S.C. Sections 1983 and 1988.

32. For decades, there has been a pattern and practice of conducting unreasonable searches and seizures of persons by the Houston Police Department. Officer Greenlea testified during the criminal trial against Rayshawn Batiste on March 9, 2023, that what he and the other Defendant Officers, as well as other

involved officers did to Rayshawn Batiste on February 2, 2022, was a customary practice of the Houston Police Department.

33. As a direct and proximate result of the acts of Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan, Plaintiff suffered the following injuries and damages:

a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United Sates Constitution to be free from an unreasonable search and seizure of his person;

b. Loss of his physical liberty;

c. Intentional, offensive contact with his body; and

d. Fear of imminent peril resulting from his belief of being injured by Defendants.

34. The actions of Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan, along with Officer Dylan Schad, violated the clearly established and well settled Fourth and Fourteenth Amendment rights of the U. S. Constitution, guaranteed to Plaintiff.

35. At all relevant times, Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan along with Officer Dylan Schad were acting under color of law and under color of authority as police officers, employees, and agents or servants of the City of Houston, Texas.

## COUNT I

*42 U.S.C. §1983 Against Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan*.

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35.

37. Plaintiff claims damages under 42 U.S.C. § 1983 for the injuries set forth above against Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan for violation of Plaintiff's constitutional rights under color of law.

## COUNT II

*Battery Against Defendant Garrett Greenlea*

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37.

39. Defendant Garrett Greenlea battered Plaintiff by intentionally and offensively contacting Plaintiff's body when he conducted a thorough strip-search of Plaintiff's person without the requisite level of suspicion.

## COUNT III

*False Imprisonment Against Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan*.

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39.

41. Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan falsely imprisoned Plaintiff by unlawfully detaining him against his will. Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan had no reason to detain or search Plaintiff because they had no articulable and reasonable belief that Plaintiff had committed an offense. Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan all participated in the unlawful detention.

## COUNT IV

***42 U.S.C. § 1983 Against City of Houston***

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41.

43. Prior to February 2, 2022, the City of Houston Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Houston, which caused the violation of Plaintiff's rights.

## COUNT V

***Assault against Officer Garrett Greenlea***

45. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

46. A defendants is liable for assault if:

15

1. The defendant acted intentionally, knowingly, or recklessly.

2. The defendant made contact with the plaintiff's person.

3. The defendant's contact caused bodily injury to the Plaintiff.--See *Moore v. City of Wylie*, 319 S.W.3d 778, 782 (Tex.App.—El Paso 2010, no pet.). In an action for assault by offensive physical contact, the Plaintiff can recover actual damages for mental anguish even without showing physical injury. *Id*.

## COUNT VI

*Mental Anguish*

47. Plaintiff incorporates all preceding paragraphs as if set fully set forth herein.

48. Plaintiff suffered at least anxiety, fear, anger and depression because of the acts of the Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan and the City of Houston and, therefore, seeks damages for mental anguish as well as the pain and suffering, past and future, and other damages set forth above.

## COUNT VII

*Punitive Damages*

49. Plaintiff incorporates all preceding paragraphs 1 through 48 as if set fully herein.

50. Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan's actions and inactions cause them to be liable for punitive damages as they were consciously indifferent to the Plaintiff's constitutional rights and they did the acts knowingly, such acts being extreme and outrageous and shocking to the conscious.

## PLAINTIFF' S FIRST CLAIM: 42 U.S.C. § 1983- PEACE OFFICER LIABILITY

51. Plaintiff brings a claim against Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan, individually, pursuant to 42 U.S.C. § 1983 and for punitive damages.

52. At all material times, Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan were acting under color of state law as agents and employees of Defendant, the City of Houston. Defendants were wearing their official Houston Police Department uniforms, and were acting in the course and scope of their duties as City of Houston Police Officers on February 2, 2022, when they illegally detained, illegally searched, illegally seized personal property, illegally fabricated evidence and illegally seized Rayshawn Batiste, violating his constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution.

53. The facts and circumstances of this case show that Defendants, Seargent

D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan along with Officer Dylan Schad's acts were a willful violation of Plaintiff's Fourth and Fourteenth Amendment U. S. Constitutional rights that were clearly established and known by all Defendants at the time.

54. Therefore, by using subjectively and objectively unreasonable actions while acting under color of municipal and state law, Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan along with Officer Dylan Schad violated Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution and caused him harm and damages.

## **PLAINTIFF'S SECOND CLAIM: 42 U.S.C. § 1983- MUNICIPAL LIABILITY**

55. Plaintiff incorporates all preceding paragraphs 1 through 54 as if set fully herein.

56. The City of Houston is also liable under 42 U.S.C. § 1983 for failing to supervise and train its officers, and for overlooking and covering up officer misconduct. In addition, the Houston Police Department has a general policy, pattern and/or practice of not appropriately disciplining officers for their misconduct, thereby sanctioning the officers' actions, which amounted to a departmental policy of overlooking constitutional violations. The Houston Police Department's failure

18

to supervise and train its officers, and the Houston Police Department's willful blindness towards the constitutional violations committed by its employees, constitute gross negligence and/or deliberate and conscious indifference to people's rights, including the right to be free from unreasonable searches and seizures, fabricated evidence and the constitutional rights conveyed to Plaintiff as applied through 42 U.S.C. Sections 1983 and 1988.

57. Seargent Russell was not wearing a body worn camera or if he was wearing a body worn camera during this incident on February 2, 2022, it was also not activated as mandated by Section 400-28, *Body Worn Cameras*, of the General Order of the Houston Police Department issued on January 20, 2021 as authorized by the section 34-23 of the City of Houston Code of Ordinances. (The Policy)  It states, "All on-duty uniformed officers below the rank of Lieutenant in patrol or any other assignment potentially requiring interaction with the public shall wear and activate a *body worn camera* as described in this General Order." "*Plainclothes officers* and officers working extra employment shall wear and activate *body worn cameras* as outlined in this General Order."

58. Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan's actions on February 2, 2022, are the result of the General Order of the Houston Police Department enacted by the City of Houston. There were also violations of sections 500-01, *Effecting Arrests and*

*Searches* which was issued on May 2, 2019, and 600-24, *Deconflicting Covert and Narcotics Related Operations*.

59. The City of Houston, through its General Order of the Houston Police Department issued on January 20, 2021, signed by former Houston Police Chief Art Acevedo and later ratified by Houston Police Chief Troy Finner (the Policy Maker) created a policy to which all Houston Police Officers are mandated to follow.

60. In the alternative, municipalities may be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the municipality. Even if The Houston Police Department's practice of overlooking constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly represents official policy. See *Bd. of County Commis of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).

61. In the present case, the City of Houston's formal and informal actions in overlooking, hiding and/or tacitly encouraging officer misconduct through the General Order of the Houston Police Department, the Houston Police Department officers, and the Internal Affairs Department, of the Houston Police Department reflect a policy, practice custom and procedure authorizing and allowing the use of actions that violated the Fourth and Fourteenth Amendment rights of Plaintiff, as guaranteed by the United States Constitution. Consequently, The City of Houston is

liable for the harm caused to Plaintiff, as a result of its policies, practices customs and procedures, mandated by Policy Maker, Art Acevedo and ratified by Chief Troy Finner, the current Policy Maker.

62. Defendant, the City of Houston is liable for the constitutional civil rights violations committed by Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan because The Houston Police Department sanctioned the following customs, practices, and policies: (A) Using constitutional violations, to carry out otherwise routine arrests or stops; (B) Ignoring the serious need for training and supervision of its officers in regards to knowing and respecting the constitutional rights of people; (C) Failing to appropriately discipline those persons whom are found to have engaged in the act of violating the constitutional rights of those entrusted to their care and/or under their control; (D) Failing to adequately supervise and/or observe its officers; (E) Failing to discharge officers who have shown a pattern or practice of violating constitutional rights or persons; and (F) Adopting a practice whereby officers who are unfit for peace officer duties, as shown by prior actions in the line of duty, are allowed to retain their positions.

63. At the time of the illegal actions suffered by Rayshawn Batiste on February 2, 2022, by the actions of Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan, as

Houston Police Officers, were acting pursuant to an official City of Houston policy, practice, custom and procedure overlooking and/or authorizing peace officer's misconduct. See *Monell v. New York City Dept. of Social Servs*., 436 U.S. 658, 659 (1978).

64. Thus, The Houston Police Department's policy of overlooking and covering up officer misconduct was a direct cause of Plaintiff's damages. In particular, the City of Houston and Houston Police Department's policy caused Plaintiff to be deprived of his constitutional right to be free from unlawful searches, unlawful seizures, and other unlawful acts by Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan under the Fourth and Fourteenth Amendments as applied through 42 U.S.C. Section 1983 and 1988.

## FAILURE TO TRAIN

65. Plaintiff incorporates all preceding paragraphs 1 through 64 as if set fully herein.

66. A municipality may be held liable for its failure to train a single police officer when the officer's acts were so egregious that the city should have had clear warning that the particular officer posed a danger to citizens. See *Pineda v. City of Houston*, 124 F. Supp. 2d 1057, 1068 (S.D. Tex. 2000). The Houston Police Department has an 1) an express policy that, after enforcement, caused Plaintiff a

constitutional deprivation; 2) a widespread practice that, if found to not be authorized by written law or express municipal policy, it is so permanent and well settled as to constitute a custom or usage with the force of law; or 3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

67. By failing to appropriately discipline, supervise, or train Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan, The Houston Police Department authorized or ratified its Officers' wrongful acts both by acceptance of acts prior to and including those that caused Plaintiff's deprivation of his constitutional rights causing his damages.

68. The City of Houston and Houston Police Department's acts and omissions, when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of harm to others. The City of Houston and Houston Police Department had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others including those of Plaintiff.

69. Thus, in light of the particular risk posed by Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan, The City of Houston, The Houston Police Department's failure to train these involved Officers, constitutes gross negligence and/or deliberate and conscious

indifference to the rights, safety, and welfare of others, including Plaintiff.

## PLAINTIFF'S THIRD CLAIM: TEXAS TORT CLAIMS ACT

70. The allegations contained in the paragraphs 1 through 69 are incorporated herein by reference.

71. Alternatively, as a pendent state cause of action, Plaintiff bring this action pursuant to the Texas Tort Claims Act, pursuant to TEX. CIV. PRAC. & REM. CODE §§ 101.021.

## FALSE IMPRISONMENT/UNLAWFUL DETENTION UNLAWFUL ARREST

72. Plaintiff incorporates all preceding paragraphs 1 through 71 as if set fully herein.

73. The false imprisonment by handcuffing and seizure of Plaintiff was a direct and proximate result of the unlawful willful acts of the Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, Officer Christopher Donovan and the City of Houston policies and procedures mandated by the General Order of Policies of the Houston Police Department signed on January 20, 2021. Therefore, Plaintiff elects to proceed with his State law claims solely against The City of Houston, as permitted by the Texas Tort Claims Act.

74. At all material times, Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan were

24

agents and employees of the City of Houston and Houston Police Department and were acting within the course and scope of their employment with The City of Houston. Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan 1) willfully detained Plaintiff; 2) without the consent of Plaintiff; and 3) without probable cause, without a warrant for his arrest or any authority of law, resulting in an unlawful detention, false imprisonment and unlawful arrest of Plaintiff.

75. Pursuant to the Texas Tort Claims Act, The City of Houston had actual notice of the events giving rise to this lawsuit within the six-month period following the incident.

## **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

76. Plaintiff incorporates all preceding paragraphs 1 through 75 as if set fully herein.

77. Consequently, Plaintiff alleges an alternative pendent State law claim for intentional infliction of emotional distress against the City of Houston.

78. The Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan acted intentionally, knowingly, and/or recklessly causing Plaintiff's damages. The Defendants' conduct was committed intentionally, knowingly, and/or recklessly, and was the proximate cause of mental and emotional injuries to the Plaintiff. Said injuries were the direct and

25

immediate consequence of the Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan's wrongful acts and a natural and direct result of their actions. Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan (1) acted intentionally or recklessly; (2) with conduct that was extreme and outrageous; (3) Their conduct proximately caused the Plaintiff emotional distress; and (4) the emotional distress suffered by the Plaintiff was severe.

## ADDITIONAL DAMAGES

79. In addition to the damages mentioned in the preceding paragraphs as a direct and proximate result of the intentional and unlawful conduct of Defendants, Seargent D. Russell, Officer F. Rahimzadeh, Officer Garrett Greenlea, and Officer Christopher Donovan, Plaintiff has suffered, and in reasonable probability will continue to suffer mental anguish, injury to reputation and additional damages.

## ATTORNEY'S FEES

80. Plaintiff is entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976. 42 U.S.C. § 1988. Plaintiff thereby request that the Court and jury award him attorney's fees and expenses.

## JURY DEMAND

81. Plaintiff respectfully demands a jury trial pursuant to FED. R. CIV. P.

8(b).

**<u>PRAYER</u>**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer herein, and that Plaintiff have judgment against Defendants, jointly and severally, for actual damages above the jurisdictional minimum of the Court; exemplary damages; pre-judgment interest; post-judgment interest, costs of court, attorney's fees and expenses and all other relief to which Plaintiff is justly entitled, at law or in equity.

Respectfully submitted,

*<u>/s/ André A. Wheeler</u>*
André A. Wheeler
State Bar No: 24042341
Federal Bar No.: 610759
P. O. Box 682705
Houston, TX 77268
(713) 660-9619 Phone
(281) 715-4627 Fax
andrewheeler_esq@yahoo.com
ATTORNEY FOR PLAINTIFF

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 25, 2024, a true and accurate copy of the foregoing document was delivered to opposing counsel by electronic service in compliance with the District ECF rules.

Michelle Taylor
City of Houston Legal Department
P. O. Box 368
Houston, Texas 77001
<u>Michelle.taylor2@houstontx.gov</u>

*/s/André A. Wheeler*
André A. Wheeler