| | | |
|---|---|---|
| **Rayshawn Batiste,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | Civil Action No. 4:24-cv-00368 |
| | § | |
| **City of Houston; Chief Troy Finner,** | § | |
| **individually; Officer C. Donovan,** | § | |
| **individually; Sgt. D. Russell, individually;** | § | |
| **Officer F. Rahimzadeh, individually;** | § | |
| **Officer G. R. Greenlea, individually;** | § | |
| *Defendants* | § | |

## DEFENDANT CHIEF TROY FINNER'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT PURSUANT TO RULE 12(b)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now Chief Troy Finner ("Chief Finner") and files this motion to dismiss Plaintiff's First Amended Original Complaint [Doc. #12], pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted, and on grounds of qualified immunity, and respectfully shows the following:

# INDEX OF AUTHORITIES

**Cases**

*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620 (5th Cir. 2001)........... 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 7, 8

*Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481 (5th Cir. 2001)................................. 13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................... 7, 8

*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995).................................................. 8

*City of Watauga v. Gordon*, 2014 WL 2535995, 13-0012 (Tex. 2014) ............................ 15

*Club Retro, L.L.C. v. Hilton*, 568 F.3d 181 (5th Cir. 2009)................................................... 12

*Cole v. Carson*, 935 F.3d 444 ........................................................................... 13

*Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278 (5th Cir. 1993) ............................... 8

*Garza v. Harrison*, 574 S.W.3d 389 (Tex. 2019) ................................................................. 14

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ........................................................................ 12

*Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145 (5th Cir. 2010) ........................ 8

*Saucier v. Katz*, 533 U.S. 194 (2001) ................................................................................. 13

*Scott v. Harris*, 550 U.S. 372 (2007) ................................................................................. 13

*Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998)) ............................................... 11

*Smith v. Heap*, 31 F.4th 905 (U.S. 5th Cir. 2022)................................................................. 14

*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002) ............................................. 8

*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375 (5th Cir. 2003) ..... 8

*Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991 (5th Cir. 1995)............................................. 13

**Statutes**

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 8, 10

Fed. R. Civ. P. 8(a)(2) ................................................................................................. 7

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES                                                    2

NATURE AND STATE OF PROCEEDINGS                                         3

INTRODUCTION OF THE DISPUTE                                             3

STATEMENT OF THE ISSUES                                                 5

SUMMARY OF THE ARGUMENT                                                 8

MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)                            10

I.      Chief of Police Troy Finner is entitled to dismissal, as a matter of law, because
Plaintiff has not pleaded the essential elements of a § 1983 claim for personal or supervisory
liability against him.                                                 10

II.   Chief Finner is entitled to Qualified Immunity                  13

III.  Motion to Dismiss pursuant to the Texas Tort Claims Act         15

CONCLUSION AND PRAYER                                                  16

CERTIFICATE OF SERVICE                                                 17

## NATURE AND STAGE OF PROCEEDINGS

1. Along with suing the City of Houston, Plaintiff sues Chief of Police Troy Finner, Sgt. D. Russell, Officer R. Rahimzadeh, Officer G.R. Greenlea and Officer Donovan in their individual and official capacity, for compensatory damages under 42 U.S. § 1983 for the alleged "unreasonable search and seizure of Plaintiff." [Doc. #12 pg. 1]. Plaintiff alleges that he was severally deprived of "his federally protected right to be free from an unreasonable search and seizure" under the Fourth and Fourteenth Amendments of the United States Constitution. [*Id at* ¶ 1].

2. Plaintiff filed his Original Complaint on January 31, 2024 [Doc. #1]. Defendant Chief was served with process of service on March 15, 2024, and thereafter filed a joint Motion to Dismiss on April 5, 2024. [Doc. #8]. On or about April 25, 2024, Plaintiff filed Plaintiff's First Amended Original Complaint [Doc. #12].

3. Plaintiff did not respond to Defendant's motion to dismiss. Instead, he amended his pleading. [Doc. #12]. However, the live pleading, Plaintiff's First Amended Complaint [Doc. #12], failed to correct the deficiencies from the original pleading. Accordingly, Chief Finner now moves to dismiss the claims asserted against him, with prejudice, because the Plaintiff's First Amended Complaint fails to state any cause of action against him for which relief can be granted.

## INTRODUCTION OF THE DISPUTE

4. This case stems from Houston Police Department Officers' arrest of Plaintiff on the evening of February 2, 2022. Various officers from the Houston Police Department were present and took part in the undercover investigation and arrest. Among those officers

were Sgt. Russell, Officers Rahimzadeh, Officer Greenlea, and Officer Christopher Donovan.

5.    Plaintiff's arrest centered around Houston Police Department Officers' undercover narcotics investigation at the Luck Store located at 800 S. Braeswood Blvd., Houston, TX of the sale of controlled substances. With the aid of an informant, a sale of a controlled substance was made, using a pre-recorded serial number on United States currency. Upon receiving the signal of the sale, Plaintiff and another person were detained and searched. The officers each wore a City of Houston Police issue body camera, which was activated prior to the search.

6.    Once outside of the store, in the presence of other officers, Plaintiff was handcuffed and situated near the driver's side of the police officer's vehicle. A search was made of the Plaintiff's pocket, shoes, socks, hat, and clothing. At the time of the search Plaintiff was wearing a long white sleeve shirt, red boots, black socks, and baggie gray sweatpants. One of the officers present searched Plaintiff, by removing Plaintiff's hat, emptied Plaintiff's pockets (removing all of the objects in the pocket). Plaintiff's waistline, rear end, and groins area were searched by the officer, by simply stretching the waistline of the pants and observing these areas through the use a flashlight. The search was captured on that officer's body worn camera, as the camera is situated in a manner to record the view of the officer using the camera. At no time was Plaintiff strip-searched nor were his pants pulled down to expose his private parts to the public. The other officers' body cameras were activated at the time of the search, and none of those cameras captured the same view/angles as the officer who searched Plaintiff.

7. Plaintiff was placed under arrest and booked into the Harris County jail; Harris County Criminal Court Cause No. 175742101010. On February 3, 2022, the District Attorney's Office filed a Complaint charging the Plaintiff with the "Felony charge: Possession with intent to deliver a controlled substance." [Doc. #08.01].

8. Plaintiff asserts that on March 9, 2023, jury trial commenced to hear the trial against the Plaintiff. "Defense counsel filed a motion to suppress the evidence, and the motion was carried along with the trial. [Doc. #12 at ¶ 23]. Plaintiff alleges that the video, which was played by the prosecutor and "twelve jurors saw the body worn camera video of Plaintiff's search, along with employees of the Houston Police Department and employees of the Harris County District Attorney's Office, as well as staff of the 178th District Court including the presiding judge." [Id at ¶¶ 23, 24]. Plaintiff alleges that his "counsel requested for the trial judge to order prosecutors to blur the genital and buttocks of Plaintiff, however the jury still were able to see Plaintiff's genitals and buttocks." [Doc. #12 ¶ 23].

9. Plaintiff filed this Amended Complaint for violation of his Fourth and Fourteenth Amendments. As it relates to Chief Finner, Plaintiff fails to plausibly allege Chief Finner's involvement in any constitutional violation to support a § 1983 claim or overcome Chief Finner's qualified immunity.

## STATEMENT OF THE ISSUES

Whether the Plaintiff has plausibly alleged facts to support any claim for relief against Chief Finner in his individual capacity.

Whether Plaintiff can overcome Chief Finner's qualified immunity.

Whether the TTCA's election of remedies provisions bar Plaintiff's State Claims.

## SUMMARY OF THE ARGUMENT

10. The complaint against Chief Finner should be dismissed.

11. Plaintiff's claims are barred by the independent intermediary doctrine bars Plaintiff's civil rights claims and state intentional infliction of emotional distress and false imprisonment claims.

12. Plaintiff fails to plausibly allege Chief Finner's involvement in any constitutional violation to support a § 1983 claim or overcome Chief Finner's qualified immunity. Plaintiff's claim cannot be asserted under the Fourteenth Amendment because it involves pretrial deprivation of liberty that must be analyzed under the Fourth Amendment.

13. Chief Finner is entitled to dismissal of Plaintiff's common law tort claims against him under the election of remedies provision, § 101.101(a), of the Texas Tort Claims Act. Plaintiff has chosen to sue both the City and Chief Finner; by doing so, the Plaintiff has elected to sue the City and is now forever barred from suing Chief Finner, the city's employee for claims arising out of the same operative facts.

## STANDARD OF REVIEW

### MOTION TO DISMISS UNDER RULE 12(b)(6)

14. A complaint may be dismissed as a matter of law if it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 566 U.S. at 678-679.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

15.     "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff."[1]  However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *Ashcroft*, 556 US at 678. A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544. Dismissal is therefore appropriate if the complaint lacks an allegation regarding a required element necessary to obtain relief.[2]  Conclusory allegations or legal conclusions masquerading as factual conclusions cannot prevent dismissal.[3]

16     In reviewing a motion to dismiss, a district court "must consider the complaint

---

[1] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (citation omitted).
[2] *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499.
[3] *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)).

in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[4]

**MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

I. **Chief of Police Troy Finner is entitled to dismissal, as a matter of law, because Plaintiff has not pleaded the essential elements of a § 1983 claim for personal or supervisory liability against him.**

17. Plaintiff's Amended Complaint fails to allege required elements of a § 1983 claim against Houston Chief of Police Troy Finner. A claim under § 1983 provides a private right of action against persons acting under color of state law who violated rights secured by the United States Constitution or a federal statute. 42 U.S.C. § 1983. "Claims under § 1983 may be brought against persons in their individual or official capacity, or against a governmental entity." *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009).

18. It is unclear whether Plaintiff has brought his claims against Chief Finner in his official or personal capacities. "[O]fficial-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id*. (quoting *Monell v. Depart. of Social Svcs.*, 436 U.S. 658, 691–95 (1978)). Thus, any official capacity-suit against Chief Finner would be subsumed within the identical claims against the City. *Id.* at 396.

19. "Personal capacity suits seek to impose liability upon a government

---

[4] *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citations omitted); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (citing FED. R. EVID. 201(f)).

official as an individual." *Goodman*, 571 F.3d at 395. To support a § 1983 claim against an official in his personal capacity, the Complaint must "show that the official, acting under color of state law, caused the deprivation of a federal right." *Id*. (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). "Personal involvement is an essential element of a civil rights cause of action." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). For that reason, a supervisory official, such as a Chief of Police, cannot be held vicariously liable under § 1983 for his subordinates' actions. *See Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992) (citing *Monell*, 436 U.S. at 691–95); *McConney v. City of Houston*, 863 F.2d 1180, 1183 (5th Cir. 1989). A Police Chief may be held liable only if he: (i) affirmatively participated in acts that caused the alleged constitutional deprivation; or (ii) implemented unconstitutional policies that causally resulted in the plaintiff's injury. *Mouille*, 977 F.2d at 929; *Thompkins*, 828 F.2d at 304.

20. Plaintiff's Amended Complaint does not allege that Chief Finner affirmatively participated in any acts which caused a constitutional injury to him. Plaintiff does not contend that Chief Finner was personally involved in his arrest, and in fact he was not. Nor does Plaintiff contend that Chief Finner was responsible for implementing any unconstitutional policies that caused Plaintiff to be arrested.

21. A claim for supervisory liability must be based on an alleged failure to train or supervise. *Id*.; *Goodman*, 571 F.3d at 395. To support such a claim, the plaintiff must allege: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the

11

plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Goodman*, 571 F.3d at 395 (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998)); *and see Davidson*, 848 F.3d at 397. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Davidson,* 848 F.3d at 397 (quoting *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005)). To establish deliberate indifference, the plaintiff must allege that the official (1) was aware of facts from which the inference could be drawn that a substantial risk of serious harm to the plaintiff existed; and (2) actually drew the inference. *Goodman*, 571 F.3d at 395. "When a plaintiff fails to establish deliberate indifference, the court need not address the other two prongs of supervisor liability." *Id*. (citing *Estate of Davis*, 406 F.3d at 382).

22. Here, Plaintiff does not contend that Chief Finner was personally responsible for supervising or training the Defendant Officers, and in fact he was not. Further, no deliberate indifference on the part of Chief Finner has been alleged. Accordingly, Plaintiff has failed to allege the essential elements of a claim for supervisory liability against Chief Finner. The § 1983 claim against Chief Finner should be dismissed.

23. Plaintiff does not make any direct allegation against Chief Finner. His allegations against Chief Finner are vague at best. In the First Amended Original Complaint, Chief Finner's named is mentioned the following time:

A. The Caption and first paragraph. "Chief Troy Finner, individually" [Doc. #12 pg. 1]

B.  In the section entitled Pattie, Plaintiff alleges that "Defendant Chief Troy Finner (hereinafter, "Chief Finner") Individually, is sued in his individual capacity." [Doc. #12 at ¶ 8].

C.  Plaintiff's Second Claim: 42 U.S.C § 1983- Peace Officer Liability provides that "the City of Houston, through its General Order of the Houston Police Department issued on January 20, 2021, signed by former Houston Police Chief Art Acevedo and later ratified by Houston Police Chief Troy Finner (the Policy Maker) created a policy to which all Houston Police Officers are mandated to follow." [Doc. #12 at ¶ 59].

Nowhere in Plaintiff's First Amended Original Complaint are there any allegations to indicate any action taken by Chief Finner. Accordingly, Plaintiff fails to plausibly allege the violation of any actionable constitutional right by Chief Troy Finner.

## II.      Chief Finner is entitled to Qualified Immunity

24.      Defendant Chief Finner is protected by qualified immunity. Governmental officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

25.      Once a defendant has invoked the defense of qualified immunity, the plaintiff carries the burden of demonstrating its inapplicability. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). The threshold inquiry in resolving an issue of qualified immunity is

whether, taking the facts in the light most favorable to the plaintiff, the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Scott v. Harris*, 550 U.S. 372, 377-78 (2007). Next, the Court considers whether the allegedly violated right is "clearly established" in that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 201. "Answering in the affirmative requires the court to be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013). "This requirement establishes a high bar." *Id.* When there is no controlling authority specifically prohibiting a defendant's conduct, the law is not clearly established for the purposes of defeating qualified immunity. *Id.* Officials "who reasonably but mistakenly commit a constitutional violation are entitled to immunity." *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004) (quoting *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001)).

26.     On a motion to dismiss, "a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Backe v. LeBlanc*, 691 F.3d at 648 (quoting *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)). "Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity."[5]

---

[5] *Id.* at 648. *See also Cole v. Carson*, 935 F.3d 444, 474 (5th Cir. 2019) (Ho & Oldham, JJ., dissenting) (noting thirteen cases in the last sixteen years in which the Supreme Court applied the "extraordinary remedy of a summary reversal" to correct failures "not only to identify a clearly established rule of law, but to do so with *great specificity*").

27. Plaintiff fails to plausibly allege the violation of a clearly established constitutional right that would overcome Chief Finner's qualified immunity.

**III. Motion to Dismiss pursuant to the Texas Tort Claims Act**

28. Chief Finner actions, if any, were actions *under the general scope of their employment.* Plaintiff in his complaint acknowledges the fact that "all Defendant Officers were acting under color of state law as agents and employees of Defendant, the city of Houston" [Doc. #12 at ¶ 35].

29. "[A]ll common-law tort theories alleged against a governmental unit are assumed to be 'under the Tort Claims Act' for purposes of section 101.106."[6] Dismissal is required under section 101.106(f), because Plaintiff's allegations involve the HPD Officers' actions in the general scope of their employment and authority as police officers for the City of Houston. *See Smith v. Heap*, 31 F.4th 905 (U.S. 5th Cir. 2022) (Tex. Civ. Prac. & Rem. Code Ann. § 101.106 precluded a constable from another constable's defamation and intentional infliction of emotional distress claims because the other constable named both the constable and the county as defendants and the constable's job responsibilities were linked to the alleged torts); *Garza v. Harrison*, 574 S.W.3d 389, 406 (Tex. 2019) (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008)). The HPD Officers invoke the election-of-remedies provision of the Texas Tort Claims Act (TTCA), Tex. Civ. Prac. & Rem. Code Ann. § 101.106, to dismiss Plaintiff's common law tort claims asserted against Defendants.

---

[6] *Wilkerson v. Univ. of N. Tex.*, 878 F.3d 147, 161 (5th Cir. 2017) (quoting *Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011)).

30.     Plaintiff's claims fall within areas for which governmental immunity is expressly retained under Texas law, including intentional torts.[7] Therefore, any of Plaintiff's claims of assault, and any other common law claims should be dismissed with prejudice as to Chief Finner.

## CONCLUSION AND PRAYER

For the reasons stated, Plaintiff's amended complaint should be dismissed for failure to state a claim upon which relief can be granted against Defendant Chief of Police Troy Finner or overcome his qualified immunity, and further opportunities to amend would be futile. Defendant Chief of Police Troy Finner respectfully prays that the honorable Court grant this motion and dismiss with prejudice all Plaintiff's claims against him and grant all other relief to which Defendant may be entitled.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Section Chief, Torts/Civil Rights

By:     */s/ Michelle C. Taylor*
Michelle C. Taylor
Senior Assistant City Attorney
Attorney in Charge
SBN:  224060889
FBN:  3773284
Tel. (832) 393-6248
Michelle.Taylor2@houstontx.gov

---

[7] A governmental entity retains immunity if the complained of act was intentional. *Id.* § 101.057. *City of Watauga v. Gordon*, 2014 WL 2535995, 13-0012 (Tex. 2014).

City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-0368

**ATTORNEYS FOR DEFENDANT**
**Chief Troy Finner**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 9, 2024, a true and correct copy of the foregoing document, and any attachments, were delivered to all opposing counsel(s) by electronic filing of same in accordance with the District ECF's service rules, and alternatively via certified mail, return receipt requested, and/or e-mail or facsimile transaction to:

Andre A. Wheeler
P.O. Box 682705
Houston, Texas 77268
Andrewheeler_esq@yahoo.com

*/s/ Michelle C. Taylor*
Michelle C. Taylor