# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **Rayshawn Batiste,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:24-cv-00368** |
| | § | |
| **City of Houston; Chief Troy Finner,** | § | |
| **individually; Officer C. Donovan,** | § | |
| **individually; Sgt. D. Russell, individually;** | § | |
| **Officer F. Rahimzadeh, individually;** | § | |
| **Officer G. R. Greenlea, individually;** | § | |
| *Defendants* | § | |

## DEFENDANT OFFICERS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT PURSUANT TO RULE 12(b)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now Officer Rahimzadeh (now named Officer Frolik) and Sgt. Russell ("Defendants Officer Frolik and Sgt. Russell") and files this motion to dismiss Plaintiff's First Amended Original Complaint [Doc. 12.], pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted, and on grounds of qualified immunity, and respectfully shows the following:

# INDEX OF AUTHORITIES

**Cases**

*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620 (5th Cir. 2001) .................... 12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................ 11, 12, 18

*Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481 (5th Cir. 2001) ........................................... 22

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................ 11, 12

*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995) ........................................... 12

*Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435 (5th Cir. 2015) .............................................. 15

*Brown v. Lyford*, 243 F.3d 185 (5th Cir. 2001) ................................................................. 18

*Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548 (5th Cir. 2016) ................................. 20

*Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc) .................................................... 20

*City of Watauga v. Gordon*, 2014 WL 2535995, 13-0012 (Tex. 2014) ........................................ 23

*Club Retro, L.L.C. v. Hilton*, 568 F.3d 181 (5th Cir. 2009) ................................................. 21

*Cole v. Carson*, 935 F.3d 444 .................................................................................... 22

*Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808 (5th Cir. 2010) ...................................... 18, 20

*Curtis v. Anthony*, 710 F.3d 587 (5th Cir. 2013) ............................................................... 19

*Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F. App'x 329, 333 n.3 (5th Cir. 2011) ................................ 13

*Devenpeck v. Alford*, 543 U. S. 146 (2004) ................................................................... 19

*Deville v. Marcantel*, 567 F.3d 156 (5th Cir. 2009) ........................................................ 18

*Duckett v. City of Cedar Park*, 950 F.2d 272 (5th Cir. 1992) ................................................. 19

*Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278 (5th Cir. 1993) ....................................... 12

*Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ................................................. 13

*Garza v. Harrison*, 574 S.W.3d 389 (Tex. 2019) ............................................................. 23

*Graham v. Connor*, 490 U. S. 386 (1989). ................................................................... 19

*Graham v. Connor*, 490 U.S. 386 (1989) ..................................................................... 15

*Guillory v. Dalbour*, No. 2:15-cv-02452, 2016 U.S. Dist. LEXIS 133267, at *14 (W.D. La. 2016). 16

*Hand v. Gary*, 838 F.2d 1420 (5th Cir. 1988) ............................................................. 20

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ................................................................. 21

*Ill. v. Gates*, 462 U.S. 213 (1983) ............................................................................... 19

*Jennings v. Patton*, 644 F.3d 297 (5th Cir. 2011) ...................................................... 20

*Jones v. Perez*, 790 F. App'x 576 (5th Cir. 2019) ...................................................... 19

*Mangieri v. Clifton*, 29 F.3d 1012 (5th Cir. 1994) ..................................................... 18

*Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145 (5th Cir. 2010) ................................... 12

*O'Dwyer v. Nelson*, 310 F. App'x 741 (5th Cir. 2009) ............................................... 14

*Piazza v. Mayne*, 217 F.3d 239 (5th Cir. 2000) (per curiam) ...................................... 19

*Russell v. Altom*, 546 F. App'x 432 (5th Cir. 2013) ................................................... 20

*Saucier v. Katz*, 533 U.S. 194 (2001) .......................................................................... 21

*Scott v. Harris*, 550 U.S. 372 (2007) ........................................................................... 21

*Smith v. Gonzales*, 670 F.2d 522 (5th Cir. 1982) ....................................................... 20

*Smith v. Heap*, 31 F.4th 905 (U.S. 5th Cir. 2022) ...................................................... 23

*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002) ................................. 12, 20

*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375 (5th Cir. 2003) .............. 12

*Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991 (5th Cir. 1995) ................................. 22

*Zimmerman v. Cutler*, 657 F. App'x 340 (5th Cir. 2016) ........................................... 15

**Statutes**

42 U.S.C.S. § 1983 ........................................................................................................ 14

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 11, 13

Fed. R. Civ. P. 8(a)(2) ................................................................................................. 11

FED. R. EVID. 201 ....................................................................................................... 13

# TABLE OF CONTENTS

TABLE OF CONTENTS .......................................................................... ii

INDEX OF AUTHORITIES .................................................................... 2-4

NATURE AND STAGE OF PROCEEDINGS ............................................ 6

INTRODUCTION OF THE DISPUTE ...................................................... 6

STATEMENT OF THE ISSUES .............................................................. 10

SUMMARY OF THE ARGUMENT .......................................................... 10

STANDARD OF REVIEW ...................................................................... 3

MOTION FOR JUDICIAL NOTICE OF PUBLIC AND JUDICIAL RECORDS ......... 13

MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

I.   Plaintiff fails to plausibly allege any constitutional violation to support a
     § 1983 claim ........................................................................... 14

     *A. No Fourteenth Amendment Violation* .................................... 14

     *B. No Fourth Amendment Violation* ......................................... 16

     *C. No unreasonable search or excessive force violation* ............... 17

     *D. No False Arrest* ............................................................. 18

     *E. Plaintiff's Claims are Barred by the independent intermediary doctrine* ... 19

II.  Defendants Officer Frolik and Sgt. Russell are entitled to Qualified Immunity ... 21

III. Motion to Dismiss pursuant to the Texas Tort Claims Act .................. 22

CONCLUSION AND PRAYER ................................................................ 24

## NATURE AND STAGE OF PROCEEDINGS

1.     Along with suing the City of Houston, Plaintiff sues Chief of Police Troy Finner, Sgt. D. Russell, Officer R. Rahimzadeh, Officer G.R. Greenlea, and Officer Donovan in their individual and official capacity, for compensatory damages under 42 U.S. § 1983 for the alleged "unreasonable search and seizure of Plaintiff." [Doc. 12 pg. 1.] Plaintiff alleges that he was severally deprived of "his federally protected right to be free from an unreasonable search and seizure" under the Fourth and Fourteenth Amendments of the United States Constitution.  [*Id at* ¶ 1].

2.     Plaintiff filed his Original Complaint on January 31, 2024. [Doc. 1.] Defendant Frolik was served with process of service on March 19, 2024, and Defendant Russell was served with process of service on March 23, 2024, and thereafter filed a joint Motion to Dismiss on April 5, 2024. [Doc. 8.] On or about April 25, 2024, Plaintiff filed Plaintiff's First Amended Original Complaint. [Doc. 12.]

3.     Plaintiff did not respond to Defendants' motion to dismiss. Instead, he amended his pleading. [Doc. 12]. However, the live pleading, Plaintiff's First Amended Complaint [Doc. 12.], failed to correct the deficiencies from the original pleading. Accordingly, Defendants Officer Frolik and Sgt. Russell now move to dismiss the claims asserted against them, with prejudice, because the Plaintiff's First Amended Complaint fails to state any cause of action against them for which relief can be granted.

## INTRODUCTION OF THE DISPUTE

4.     This case stems from Houston Police Department Officers' arrest of Plaintiff on the evening of February 2, 2022. Various officers from the Houston Police Department

were present and took part in the undercover investigation and arrest. Among those officers were Sgt. Russell, Officer Frolik, Officer Greenlea, and Officer Donovan.

5.	Plaintiff's arrest centered around Houston Police Department Officers' undercover narcotics investigation at the Luck Store located at 800 S. Braeswood Blvd., Houston, TX of the sale of controlled substances. With the aid of an informant, a sale of a controlled substance was made, using a pre-recorded serial number on United States currency. Upon receiving the signal of the sale, Plaintiff and another person were detained and searched. The officers each wore a City of Houston Police issue body camera, which was activated prior to the search.

6.	Once outside of the store, in the presence of other officers, Plaintiff was handcuffed and situated near the driver's side of the police officer's vehicle. A search was made of Plaintiff's pocket, shoes, socks, hat, and clothing. At the time of the search Plaintiff was wearing a long white sleeve shirt, red boots, black socks, and baggie gray sweatpants. One of the officers present searched Plaintiff, by removing his hat and emptied his pockets (removing all the objects in the pocket). Plaintiff's waistline, rear end, and groins area were searched by the officer, by simply stretching the waistline of the pants and observing these areas through the use a flashlight. The search was captured on that officer's body worn camera, as the camera is situated in a manner to record the view of the officer using the camera. At no time was Plaintiff strip searched nor was Plaintiff's pants pulled down to expose his private parts to the public. The other officers' body cameras were activated at the time of the search, and none of those cameras captured the same view/angles as the officer who searched Plaintiff.  [Exhibit #9 - Body worn camera of Officer Greenlea.]

7.     Plaintiff was placed under arrest and booked into the Harris County jail; Harris County Criminal Court Cause No. 175742101010. On February 3, 2022, the District Attorney's Office filed a Complaint charging the Plaintiff with the "Felony charge: Possession with intent to deliver a controlled substance." [Doc. 08.01.]

8.     Plaintiff asserts that on March 9, 2023, jury trial commenced to hear the trial against the Plaintiff. "Defense counsel filed a motion to suppress the evidence, and the motion was carried along with the trial. [Doc. 12 at ¶ 23.]  Plaintiff alleges that the video, which was played by the prosecutor and "twelve jurors saw the body worn camera video of Plaintiff's search, along with employees of the Houston Police Department and employees of the Harris County District Attorney's Office, as well as staff of the 178th District Court including the presiding judge." [Id at ¶¶ 23, 24].  Plaintiff alleges that his "counsel requested for the trial judge to order prosecutors to blur the genital and buttocks of Plaintiff, however the jury still were able to see Plaintiff's genitals and buttocks."  [Doc. 12 ¶ 23.]

9.     Plaintiff filed this Amended Complaint for violation of his Fourth and Fourteenth Amendments. As it relates to Defendant Officer Frolik, Plaintiff specifically alleges that:

A. Officer Rahimzahed "working as an undercover officer, approached a [Brandon Dunbar] … in front of the store and asked him if he could get her some hard." [Id at ¶ 13].  Plaintiff alleges that Officer Rahimzahed gave Brandon Dunbar a marked twenty-dollar bill," [Id.]. Mr. Dunbar entered the store and briefly [spoke] with [Plaintiff] in the store. Mr. Dunbar then returned to Officer Rahimzahed and gave her crack cocaine.

8

B. After receiving crack cocaine from Brandon Dunbar, Officer Rahimzahed communicated to the surveillance team and marked unit officers to move in and detain Brandon Dunar and Rayshawn Batiste. [Id at ¶¶ 14, 15].

C. Furthermore, Plaintiff alleges that Officer Rahimzahed testified "that she could only see Mr. Dunbar and [Plaintiff] from about the shoulder to their heads, and the conversation between the two men was brief and that she did not see a hand to hand transaction occur between them." [Id]

10. As it relates to Sgt. Russell, Plaintiff specifically alleges that:

A. "Seargent Russell pulled some papers, which were photocopies of marked bills, and what appears to be a twenty-dollar bill, from his pocket. Seargent Russell then appears to hand something to Officer Schad out of view of Officer Schad's body worn camera. Seargent Russell then pointed to a bill on the photocopy that he had pulled from his pocket and told Officer Schad, "Edward Henry 5, 3 is the first three." Seargent Russell then says, "Got it?" and Officer Schad then immediately finds the alleged marked bill in the cash." [Id. at Id at ¶ 21].

11. In addition to the foregoing alleged actions of Officer Frolik and Sgt. Russell, Plaintiff alleges that Defendants Officer Frolik and Sgt. Russell:

A. Officer Rahimzahed and Sgt. Russell, along with the other officers, "used force which was in great excess to the need to use such force, and the method of strip searching Plaintiff without probable cause was an excessive, unreasonable and lawful method of search, which constituted both an unreasonable seizure an unreasonable search of Plaintiff, along with fabricated evidence of a tampered body worn camera video and an alleged marked twenty dollar bill allegedly found on Plaintiff's person, violated Plaintiff's due process rights under the Fourt and Fourteenth Amendment of the United States Constitution." [ Id. at ¶ 29].

B. Officer Rahimzahed and Sgt. Russell, along with the other officers, "caused, witness or knew about the excessive force and unreasonable search and seizure used against [Plaintiff], and all individually saw the illegal search and seizure of [Plaintiff] and either directly participated or chose not to intervene to prevent the

9

illegal search, illegal seizure, fabricated evidence and illegal arrest that infringed upon the constitutional rights of Plaintiff," [ Id. at ¶ 30]

C. Officer Rahimzahed and Sgt. Russell, along with the other officers, "falsely imprisoned Plaintiff by unlawfully detaining him against his will." [ Id. at ¶¶ 30, 73]

12. Furthermore, Plaintiff alleges that the actions of Officer Frolik and Sgt. Russell caused Plaintiff to "suffered at least anxiety, fear, anger and depression fails" [Id. at ¶ 48], "intentional infliction of emotional distress" [Id at ¶ 76], reasonable probability [that Plaintiff] will continue to suffer mental anguish, injury to reputation and additional damages." [Id. at ¶ 79]

13. Despite the allegations, Plaintiff failed to plausibly allege Defendant Officer Frolik and Sgt. Russell's involvement in any constitutional violation to support a § 1983 claim or overcome Defendants Officer Frolik and Sgt. Russell's qualified immunity.

## STATEMENT OF THE ISSUES

Whether the Plaintiff has plausibly alleged facts to support any claim for relief against Defendants Officer Frolik and Sgt. Russell their individual capacity.

Whether the Plaintiff has pled a constitutional violation to support any 42 U.S.C. § 1983 claim or overcome the independent intermediary doctrine.

Whether Plaintiff can overcome Defendants Officer Frolik and Sgt. Russell's qualified immunity.

Whether the TTCA's election of remedies provisions bar Plaintiff's State Claims.

## SUMMARY OF THE ARGUMENT

10. The complaint against Defendants Officer Frolik and Sgt. Russell should be dismissed.

11. Plaintiff's claims are barred by the independent intermediary doctrine bars

Plaintiff's civil rights claims and state law intentional infliction of emotional distress, and false imprisonment claims.

12.     Plaintiff fails to plausibly allege Defendants Officer Frolik and Sgt. Russell's involvement in any constitutional violation to support a § 1983 claim or overcome Defendants Officer Frolik and Russell's qualified immunity. Plaintiff's claim cannot be asserted under the Fourteenth Amendment because it involves pretrial deprivation of liberty that must be analyzed under the Fourth Amendment.

13.     Defendants Officer Frolik and Sgt. Russell are entitled to dismissal of Plaintiff's common law tort claims against him under the election of remedies provision, § 101.101(a), of the Texas Tort Claims Act. Plaintiff has chosen to sue both the City and Defendant Officer Rahimzahed and Russell; by doing so, the Plaintiff has elected to sue the City and is now forever barred from suing Defendants Officer Frolik and Sgt. Russell, the city's employees for claims arising out of the same operative facts.

**STANDARD OF REVIEW**

**MOTION TO DISMISS UNDER RULE 12(b)(6)**

14.     A complaint may be dismissed as a matter of law if it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 566 U.S. at 678-679. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

11

true, to state a claim to relief that is plausible on its face. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

15.     "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff."[1] However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *Ashcroft*, 556 US at 678. A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544. Dismissal is therefore appropriate if the complaint lacks an allegation regarding a required element necessary to obtain relief.[2] Conclusory allegations or legal conclusions masquerading as factual conclusions cannot prevent dismissal.[3]

16.     In reviewing a motion to dismiss, a district court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule

---

[1] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (citation omitted).
[2] *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499.
[3] *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)).

12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[4]

**MOTION FOR JUDICIAL NOTICE OF PUBLIC AND JUDICIAL RECORDS**

17.     When deciding a motion to dismiss a district court may "consider matters of which they may take judicial notice." "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). *Funk*, 631 F.3d at 783. The court *must* take notice of a fact if "a party requests it and the court is supplied with the necessary information." FED. R. EVID. 201(c)(2). Taking judicial notice of public records or other court proceedings does not convert this motion to dismiss into a motion for summary judgment. *See Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F. App'x 329, 333 n.3 (5th Cir. 2011) (holding that the district court was not required to convert the motion to dismiss into a motion for summary judgment when it took judicial notice of public records.).

18.     Defendants Officer Frolik and Sgt. Russell move for the Court to take judicial notice of Harris County District Clerk records for the criminal cases referenced in, and central to, Plaintiff's complaint. Certified copies of the entire casefile contents are attached as Exhibits 1 through 8 and include:[5]

**Cause No. 175742101010**: Complaint filed by the Assistant District Attorney, charging the Plaintiff with Possession with intent to deliver a controlled substance. [Exhibit #2].

---

[4] *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citations omitted); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (citing FED. R. EVID. 201(f)).

[5] All Causes are styled *State of Texas v. Rayshawn Batiste*, Cause No. 175421101 in the 178th Judicial District Court of Harris County Texas.

District Attorney's Office Motion for Sufficient Bail. [Exhibit #3]. Grand Jury Indictment charging Plaintiff with possession with intent to deliver a controlled substance and bail in the amount of $2500 was ordered. See [Exhibit #4]. Jury trial setting for Friday, March 10, 2023, at 9:30 a.m. [Exhibit #5]. Plaintiff Motion to Suppress filed March 8, 2023. [Exhibit #6]. District Attorney's Office's Motion to Dismiss based upon Court's granting of the Motion to Suppress and Order and Notice. [Exhibit #7]. Court order dismissing the complaint against the Plaintiff. [Exhibit #8]. Jury selection list was filed. [Exhibit #9]

**MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

I.      **Plaintiff fails to plausibly allege any constitutional violation to support a § 1983 claim**

19.     To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate first, a violation of the U.S. Constitution or of federal law and second, that the violation was committed by someone acting under color of state law. *O'Dwyer v. Nelson*, 310 F. App'x 741, 742 (5th Cir. 2009).

20.     "A defendant's personal involvement is an essential element of a §1983 claim, which must be pled with specific facts and not conclusory allegations." *Villegas v. City of El Paso*, EP-15-CV-00386-FM, 2020 WL 981878, at *4 (W.D. Tex. Feb. 28, 2020) (citing *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); and *Thompson v. City of Starkville*, 901 F.2d 456.469 n. 13 (5th Cir. 1990). A §1983 claim must be based on a defendant's actual participation in an event that causes a violation of civil rights. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008); *Thompson v. Crnkovich*, 788 Fed. App'x. 258, 259 (5th Cir. 2019).

   A.      *No Fourteenth Amendment Violation*

14.     Plaintiff's claim cannot be asserted under the Fourteenth Amendment because

it involves pretrial deprivations of liberty that must be analyzed under the Fourth Amendment. It is well settled that "an unlawful arrest claim must be analyzed under the Fourth Amendment, not the Fourteenth Amendment." *Zimmerman v. Cutle*r, 657 F. App'x 340, 341 (5th Cir. 2016). A person may have a Fourteenth Amendment due process claim based on manufactured evidence if "[1] police intentionally fabricate[d] evidence and successfully g[o]t someone falsely charged ... and [2] the Fourth Amendment is unavailing."[6] To allege intentional police fabrication, however, the plaintiff must make more than conclusory allegations. *Id.* (citing *Bosarge*, 796 F.3d at 441-42). In addition to showing intentional police fabrication, the plaintiff needs to allege facts that show the claim cannot be brought under the Fourth Amendment. Typically, if the alleged manufactured evidence leads only to an arrest and not a trial, the plaintiff must seek recovery under the Fourth Amendment because the Fourth Amendment provides protection for pre-adjudication rights and if "a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing th[o]se claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). The right to be arrested with probable cause is protected under the Fourth Amendment; and therefore, it generally cannot be brought as a Fourteenth Amendment due process claim. *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 (5th Cir. 2010). Plaintiff does not claim that the Officers intentionally manufactured any evidence used at a trial against Plaintiff, or any facts supporting

---

[6] *Cole v. Carson*, 802 F.3d 752, 773 (5th Cir. 2015). The fabrication must be intentional and must be done by an official. *See Id.* at 767 (distinguishing *Cuadra*, 626 F.3d at 814, where school officials and not officers were at fault and *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 441-42 (5th Cir. 2015) where there was no intentional fabrication).

a Fourteenth Amendment due process claim. Even if Plaintiff included such allegations, he cannot show that the Fourth Amendment would be unavailing to authorize a duplicative Fourteenth Amendment claim. *See*, *e.g.*, *Guillory v. Dalbour*, No. 2:15-cv-02452, 2016 U.S. Dist. LEXIS 133267, at *14 (W.D. La. 2016).

15. Here Plaintiff make conclusionary allegations of fabricated evidence of a tampered body worn camera video to support his Fourteen Amendment. [Doc. 12 ¶29.] However, Plaintiff has failed to allege any Fourteenth violations were committed by the City's employees. As such this claim of the Plaintiff must be dismissed.

### B.    *No Fourth Amendment Violation*

16. Plaintiff alleges he was deprived of his right to be secure in his person against an unreasonable search in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution. However, the factual allegations arose from the Plaintiff's delivery of narcotics, and the arrest of Plaintiff for such The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Warrantless searches and seizures are *per se* unreasonable unless one of the recognized exceptions applies. *Cotropia v. Chapman*, 978 F.3d 282, 286 (5th Cir. 2020).

17. The Supreme Court has held that voluntary consent to search, search under exigent circumstances, and search incident to arrest are among these exceptions. *United States v. Edwards,* 415 U.S. 800, 808–09, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974) (search incident to arrest); *Schneckloth v. Bustamonte,* 412 U.S. 218, 248, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) (voluntary consent); *Vale v. Louisiana,* 399 U.S. 30, 34–36, 90 S.Ct.

1969, 26 L.Ed.2d 409 (1970) (exigent circumstances)  A search incident to arrest permits officers to search a defendant, or areas within the defendant's immediate control, to prevent the concealment or destruction of evidence. *Chimel v. California,* 395 U.S. 752, 762–63, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969)

### C. *NO UNREASONABLE SEARCH OR EXCESSIVE FORCE*

20.     "The touchstone of the Fourth Amendment is reasonableness, and the reasonableness of a search is determined 'by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests.'" *United States v. Knights*, 534 U.S. 112, 118–19, 122 S. Ct. 587 (2001) (quoting *Wyoming v. Houghton*, 526 U.S. 295, 300, 119 S. Ct. 1297 (1999)). As the invasiveness of a search increases, the Fourth Amendment requires greater justification to be reasonable. *See Illinois v. Lafayette*, 462 U.S. 640, 645, 103 S. Ct. 2605 (1983) ("the interests supporting a search incident to arrest would hardly justify disrobing an arrestee on the street, but the practical necessities of routine jail administration may even justify taking a prisoner's clothes before confining him"); *United States v. Vega-Barvo*, 729 F.2d 1341, 1344 (11th Cir. 1984) ("As intrusiveness increases, the amount of suspicion necessary to justify the search correspondingly increases.").

21.     There are several different forms of searches, each involving a different degree of intrusion.  Courts classify some of the more intrusive searches as "strip searches", "visual body-cavity searches," and "manual body-cavity searches."  The term "strip search" generally refers to an inspection of a naked person, without any scrutiny of the

person's cavities. *Blackburn v. Snow,* 771 F.2d 556, 561 n. 3 (1st Cir.1985); *Deserly v. Department of Corrections,* 298 Mont. 328, 995 P.2d 972, 976 n. 1 (2000); *Hughes v. Commonwealth,* 31 Va.App. 447, 524 S.E.2d 155, 159 (2000) (en banc).  A "visual body-cavity search" includes a visual inspection of a person's anal or genital areas. *Blackburn,* 771 F.2d at 561.  A "manual body-cavity search" involves some degree of probing or touching a person's body cavities.

22.     Plaintiff has failed to allege any facts that would suggest that the search of Plaintiff was illegal, unreasonable and with excessive force.

### D.     NO FALSE ARREST

23.     Plaintiff expressly pleads, and the state court records indisputably show, that the arrest(s) Plaintiff complaints of resulted from indictments returned by a Harris County grand jury.  [Exhibit 4].

24.     To state a claim for an alleged false arrest without a warrant, the Plaintiff must, at minimum, allege plausible facts that establish the lack of probable cause for his arrest.[7]  "For warrantless arrests, the test for whether the police officer had probable cause to arrest is if, at the time of the arrest, he had knowledge that would warrant a prudent person's belief that the person arrested had already committed or was committing a crime." *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994) (quoting *Duckett v. City of Cedar Park*, 950 F.2d 272, 278

---

[7] *Ashcroft,* 556 US at 678.  *See also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011); *C.H. v. Rankin Cty. Sch. Dist.*, 415 F. App'x 541, 543 (5th Cir. 2011).  It is well-settled that the lack of probable cause is "a necessary component" of a false arrest claim.  *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010); *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) ("If there was probable cause for any of the charges made . . . then the arrest was supported by probable cause, and the claim for false arrest fails.") (emphasis omitted) (additional citations omitted); *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) ("The 'constitutional torts' of false arrest, unreasonable seizure, and false imprisonment . . . require a showing of no probable cause.").

(5th Cir. 1992). "Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Curtis v. Anthony*, 710 F.3d 587, 595 (5th Cir. 2013) (quoting *Ill. v. Gates*, 462 U.S. 213, 245 n. 13 (1983)).

25. Plaintiff's mere conclusion that the arrest lacked probable cause fails to state a claim for false arrest. The Supreme Court has expressly rejected any attempt to state a false arrest claim based on allegations of an officer's ill intent. In *Nieves v. Bartlett*, the Court explained:

> In the Fourth Amendment context, however, "we have almost uniformly rejected invitations to probe subjective intent." ...
>
> Police officers conduct approximately 29,000 arrests every day—a dangerous task that requires making quick decisions in "circumstances that are tense, uncertain, and rapidly evolving." *Graham v. Connor*, 490 U. S. 386, 397, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). To ensure that officers may go about their work without undue apprehension of being sued, we generally review their conduct under objective standards of reasonableness. ... ... A particular officer's state of mind is simply "irrelevant," and it provides "no basis for invalidating an arrest." *Devenpeck v. Alford*, 543 U. S. 146, 153, 155 (2004).

26. Besides his belief that the criminal charges being pursued against him are without probable cause, Plaintiff offers no facts to suggest the requisite lack of probable cause for his arrest. "That standard does not require that the officer believe that it is more likely than not that the suspect committed the offense." *Jones v. Perez*, 790 F. App'x 576, 580, 581 (5th Cir. 2019) (citing *United States v. Watson*, 273 F.3d 599, 602 (5th Cir. 2001)). Instead, the officer must reasonably believe there was a "fair probability" he did. *Jones*, 790 F. App'x at 581 (quoting *Piazza v. Mayne*, 217 F.3d 239, 246 (5th Cir. 2000) (per curiam) (quotation omitted).

**E. Plaintiff's claims are barred by the independent intermediary doctrine**

19

27.     Houston cannot be held liable for an arrest that was supported by probable cause.  When "facts supporting an arrest are placed before a magistrate, judge, or other independent intermediary" and that intermediary issues a warrant, then the intermediary's decision to cause a warrant to be issued "breaks the chain of causation for the Fourth Amendment violation." *Jennings v. Patton*, 644 F.3d 297, 300–01 (5th Cir. 2011).  The independent intermediary doctrine becomes relevant when—as here—a plaintiff's claims depend on a lack of probable cause to arrest him.[8]  Under this doctrine, "even an officer who acted with malice . . . will not be liable if the facts supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury, for that intermediary's 'independent' decision 'breaks the causal chain' and insulates the initiating party." *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 553-54 (5th Cir. 2016) (quoting *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988) (quoting *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982)).  The Fifth Circuit's "precedents have applied this rule even if the independent intermediary's action occurred after the arrest, and even if the arrestee was never convicted of any crime."[9]

28.     The judicially noticed records establish that the grand jury issued an indictment and the magistrate judge found probable cause for the arrest.  [Exhibit 4].  As such, the independent intermediary doctrine bars Plaintiff's claim.

---

[8] *Buehler*, 824 F.3d at 553-54 (citing *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010) (applying the independent intermediary doctrine to Fourth Amendment claims); *Russell v. Altom*, 546 F. App'x 432, 436-37 (5th Cir. 2013) (applying the doctrine to First Amendment claims)).

[9] *Buehler*, 824 F.3d 548, 553-54, citing *Taylor v. Gregg*, 36 F.3d 453, 455, 456-57 (5th Cir. 1994) (applying doctrine where presentment to magistrate and grand jury occurred after arrest), overruled on other grounds by *Castellano v. Fragozo*, 352 F.3d 939, 949 (5th Cir. 2003) (en banc); *Russell*, 546 F. App'x at 436-37;  *Smith*, 670 F.2d at 526 ("The constitution does not guarantee that only the guilty will be arrested.").

29. Based upon the foregoing, it is clear that Plaintiff has failed to offer any allegation linking Defendants Officer Frolik and Sgt. Russell to any Fourth Amendment violation in Plaintiff's First Amended Original Complaint. Therefore, all claims under the Fourth Amendment should be dismissed.

## II. Defendants Officer Frolik and Sgt. Russell are entitled to Qualified Immunity

38. Defendants Officer Frolik and Sgt. Russell are protected by qualified immunity. Governmental officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

39. Once a defendant has invoked the defense of qualified immunity, the plaintiff carries the burden of demonstrating its inapplicability. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). The threshold inquiry in resolving an issue of qualified immunity is whether, taking the facts in the light most favorable to the plaintiff, the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Scott v. Harris*, 550 U.S. 372, 377-78 (2007). Next, the Court considers whether the allegedly violated right is "clearly established" in that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 201. "Answering in the affirmative requires the court to be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013). "This requirement

21

establishes a high bar." *Id.* When there is no controlling authority specifically prohibiting a defendant's conduct, the law is not clearly established for the purposes of defeating qualified immunity. *Id.* Officials "who reasonably but mistakenly commit a constitutional violation are entitled to immunity." *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004) (quoting *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001)).

40. On a motion to dismiss, "a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Backe v. LeBlanc*, 691 F.3d at 648 (quoting *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)). "Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity."[10]

41. Plaintiff fails to plausibly allege the violation of a clearly established constitutional right that would overcome Defendants Officer Frolik and Sgt. Russell's qualified immunity.

### III. Motion to Dismiss pursuant to the Texas Tort Claims Act

44. Defendants Officer Frolik and Sgt. Russell actions, if any, were actions *under the general scope of their employment.* Plaintiff in his complaint acknowledges the fact that

---

[10] *Id.* at 648. *See also Cole v. Carson*, 935 F.3d 444, 474 (5th Cir. 2019) (Ho & Oldham, JJ., dissenting) (noting thirteen cases in the last sixteen years in which the Supreme Court applied the "extraordinary remedy of a summary reversal" to correct failures "not only to identify a clearly established rule of law, but to do so with *great specificity*").

"all Defendant Officers were acting under color of state law as agents and employees of Defendant, the city of Houston" [Doc. 12 at ¶ 35.]

45.     "[A]ll common-law tort theories alleged against a governmental unit are assumed to be 'under the Tort Claims Act' for purposes of section 101.106."[11] Dismissal is required under section 101.106(f), because Plaintiff's allegations involve the HPD Officers' actions in the general scope of their employment and authority as police officers for the City of Houston. *See Smith v. Heap*, 31 F.4th 905 (U.S. 5th Cir. 2022) (Tex. Civ. Prac. & Rem. Code Ann. § 101.106 precluded a constable from another constable's defamation and intentional infliction of emotional distress claims because the other constable named both the constable and the county as defendants and the constable's job responsibilities were linked to the alleged torts); *Garza v. Harrison*, 574 S.W.3d 389, 406 (Tex. 2019) (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008)).  The HPD Officers invoke the election-of-remedies provision of the Texas Tort Claims Act (TTCA), Tex. Civ. Prac. & Rem. Code Ann. § 101.106, to dismiss Plaintiff's common law tort claims asserted against Defendants.

46.     Plaintiff's claims fall within areas for which governmental immunity is expressly retained under Texas law, including intentional torts.[12]   Therefore, any of Plaintiff's claims of assault, and any other common law claims should be dismissed with prejudice as to Chief Finner.

---

[11] *Wilkerson v. Univ. of N. Tex.*, 878 F.3d 147, 161 (5th Cir. 2017) (quoting *Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011)).
[12] A governmental entity retains immunity if the complained of act was intentional.  *Id.* § 101.057.  *City of Watauga v. Gordon*, 2014 WL 2535995, 13-0012 (Tex. 2014).

**CONCLUSION AND PRAYER**

For the reasons stated, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted against Defendants Officer Frolik and Sgt. Russell, or overcome their qualified immunity, and further opportunities to amend would be futile. Defendants Officer Frolik and Sgt. Russell respectfully pray that the honorable Court grant this motion and dismiss with prejudice all Plaintiff's claims against them and grant all other relief to which Defendants may be entitled.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Section Chief, Torts/Civil Rights

By:     */s/ Michelle C. Taylor*
Michelle C. Taylor
Senior Assistant City Attorney
Attorney in Charge
SBN:  224060889
FBN:  3773284
Tel. (832) 393-6248

Michelle.Taylor2@houstontx.gov
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-0368

**ATTORNEYS FOR DEFENDANTS**
**Officer Frolik and Sgt. Russell**

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2024, a true and correct copy of the foregoing document, and any attachments, were delivered to all opposing counsel(s) by electronic filing of same in accordance with the District ECF's service rules, and alternatively via certified mail, return receipt requested, and/or e-mail or facsimile transaction to:

Andre A. Wheeler
P.O. Box 682705
Houston, Texas 77268
Andrewheeler_esq@yahoo.com

/s/ Michelle C. Taylor
Michelle C. Taylor

## VERIFICATION

I verify that the documents attached as Exhibits 1-9 contain true and correct copies of the documents they purport to be.

May 9, 2024
Date

/s/ Michelle C. Taylor
Michelle C. Taylor