## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Rayshawn Batiste, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00368 |
| | § | |
| City of Houston; Chief Troy Finner, | § | |
| individually; Officer C. Donovan, | § | |
| individually; Sgt. D. Russell, individually; | § | |
| Officer F. Rahimzadeh, individually; | § | |
| Officer G. R. Greenlea, individually; | § | |
|     *Defendants* | § | |

## DEFENDANT CITY OF HOUSTON'S
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED ORIGINAL
## COMPLAINT PURSUANT TO RULE 12(b)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now Defendant City of Houston ("Houston") and files this motion to dismiss Plaintiff's First Amended Original complaint [Doc. #12], of Plaintiff Rayshawn Batiste, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Houton would respectfully show the Court as follows:

# INDEX OF AUTHORITIES

**Cases**

*Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435 (5th Cir. 2015)...........................11, 12

*Brown v. Lyford*, 243 F.3d 185 (5th Cir. 2001) ...................................................................14

*Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548 (5th Cir. 2016)......................16

*Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc) ..........................................16

*City of San Antonio v. Dunn*, 796 S.W.2d 258 (Tex. App. – San Antonio 1990, writ denied)
........................................................................................................................................25

*Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808 (5th Cir. 2010).......................11, 14, 16

*Curtis v. Anthony*, 710 F.3d 587 (5th Cir. 2013)..................................................................15

*Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F. App'x 329, 333 n.3 (5th Cir. 2011).....................10

*Devenpeck v. Alford*, 543 U. S. 146 (2004) ..........................................................................15

*Deville v. Marcantel*, 567 F.3d 156 (5th Cir. 2009) .............................................................14

*Duckett v. City of Cedar Park*, 950 F.2d 272 (5th Cir. 1992)...............................................15

*Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011) ..............................................................25

*Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)......................................................9

*Graham v. Connor*, 490 U. S. 386 (1989). ....................................................................11, 15

*Guillory v. Dalbour*, No. 2:15-cv-02452, 2016 U.S. Dist. LEXIS 133267, at *14 (W.D. La.
2016).................................................................................................................................12

*Hand v. Gary*, 838 F.2d 1420 (5th Cir. 1988)......................................................................16

*Ill. v. Gates*, 462 U.S. 213 (1983).......................................................................................15

*Jennings v. Patton*, 644 F.3d 297 (5th Cir. 2011) ................................................................. 16

*Jones v. Perez*, 790 F. App'x 576 (5th Cir. 2019) ................................................................ 15

*Mangieri v. Clifton*, 29 F.3d 1012 (5th Cir. 1994) ............................................................. 14

*Piazza v. Mayne*, 217 F.3d 239 (5th Cir. 2000) (per curiam) ............................................. 15

*Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515 (Tex. 1997) ....................................... 25

*Russell v. Altom*, 546 F. App'x 432 (5th Cir. 2013) ........................................................... 16

*Smith v. Gonzales*, 670 F.2d 522 (5th Cir. 1982) ............................................................... 16

*Tex. Dep't Crim. Justice v. Miller*, 51 S.W.3d 583 (Tex. 2001) ......................................... 25

*Zimmerman v. Cutler*, 657 F. App'x 340 (5th Cir. 2016) .................................................... 11

**Statutes**

FED. R. EVID. 201 ........................................................................................................... 9, 10

Texas Civil Practice & Remedies Code § 101.025 ................................................................ 25

Texas Civil Practice & Remedies Code § 101.057(2) ...................................................... 25, 26

Texas Civil Practice & Remedies Code §101.021(1) ............................................................ 25

# **TABLE OF CONTENTS**

NATURE AND STAGE OF PROCEEDINGS                                              5

STATEMENT OF THE ISSUES                                                      6

SUMMARY OF THE ARGUMENT                                                      6

STANDARD OF REVIEW                                                           7
    Motion to Dismiss under Rule 12(b)(6)                7

MOTION FOR JUDICIAL NOTICE OF PUBLIC AND JUDICIAL RECORDS                    8

ARGUMENT AND AUTHORITIES                                                     10

   I.   Plaintiff fails to plausibly allege any constitutional violation to support a § 1983 claim                5

      *A. No Fourteenth Amendment Violation*                6

      *B. No Fourth Amendment Violation*                    7

      *C. No unreasonable search or excessive force violation*

      *D. No False Arrest*

      *E. Plaintiff's Claims are Barred by the independent intermediary doctrine*

      *F.. Plaintiff's Claims are barred by Monell*

  II.  Plaintiff has not alleged an unconstitutional failure to train or supervise

  III. No punitive damges is allowed aginst the City

  IV. Governmental immunity protects the City from tort allegations

CONCLUSION AND PRAYER                                                        22

CERTIFICATE OF SERVICE                                                       23

## NATURE AND STAGE OF PROCEEDINGS

1. Along with suing the City of Houston, Plaintiff sues Chief of Police Troy Finner, Sgt. D. Russell, Officer R. Rahimzadeh, Officer G.R. Greenlea and Officer Donovan in their individual and official capacity, for compensatory damages under 42 U.S. § 1983 for the alleged "unreasonable search and seizure of Plaintiff." [Doc. #12 pg. 1]. Plaintiff alleges that he was severally deprived of "his federally protected right to be free from an unreasonable search and seizure" under the Fourth and Fourteenth Amendments of the United States Constitution. [*Id at* ¶ 1].

2. Plaintiff filed his Original Complaint on January 31, 2024 [Doc. #1]. Defendant Houston was served with process of service on March 15, 2024, and thereafter filed a Motion to Dismiss on April 11, 2024. [Doc. #9]. On or about April 25, 2024, Plaintiff filed Plaintiff's First Amended Original Complaint [Doc. #12].

3. Plaintiff did not respond to Defendant's motion to dismiss. Instead, he amended his pleading. [Doc. #12]. However, the live pleading, Plaintiff's First Amended Complaint [Doc. #12], failed to correct the deficiencies from the original pleading. Accordingly, Defendant Houston now moves to dismiss the claims asserted against them, with prejudice, because the Plaintiff's First Amended Complaint fails to state any cause of action against them for which relief can be granted.

## INTRODUCTION OF THE DISPUTE

4. This case stems from Houston Police Department Officers' arrest of Plaintiff on the evening of February 2, 2022. Various officers from the Houston Police Department were present and took part in the undercover investigation and arrest. Among those officers

were Sgt. Russell, Officers Rahimzadeh, Officer Greenlea, and Officer Christopher Donovan.

5.     Plaintiff's arrest centered around Houston Police Department Officers' undercover narcotics investigation at the Luck Store located at 800 S. Braeswood Blvd., Houston, TX of the sale of controlled substances. With the aid of an informant, a sale of a controlled substance was made, using a pre-recorded serial number on a United States currency. Upon receiving the signal of the sale, Plaintiff and another person were detained and searched. The officers each wore a City of Houston Police issue body camera, which was activated prior to the search.

6.     Once outside of the store, in the presence of other officers, Plaintiff was handcuffed and situated near the driver's side of the police officer's vehicle. A search was made of the Plaintiff's pocket, shoes, socks, hat, and clothing. At the time of the search Plaintiff was wearing a long white sleeve shirt, red boots, black socks, and baggie gray sweatpants. One of the officers present searched Plaintiff, by removing Plaintiff's hat, emptied Plaintiff's pockets (removing all of the objects in the pocket). Plaintiff's waistline, rear end, and groins area were searched by the officer, by simply stretching the waistline of the pants and observing these areas through the use a flashlight. The search was captured on that officer's body worn camera, as the camera is situated in a manner to record the view of the officer using the camera. At no time was Plaintiff strip-searched nor were his pants pulled down to expose his private parts to the public. The other officers' body cameras were activated at the time of the search, and none of those cameras captured the same view/angles as the officer who searched Plaintiff.

7.      Plaintiff was placed under arrest and booked into the Harris County jail; Harris County Criminal Court Cause No. 175742101010.  On February 3, 2022, the District Attorney's Office filed a Complaint charging the Plaintiff with the "Felony charge: Possession with intent to deliver a controlled substance." [Doc. #08.01].

8.      Plaintiff asserts that on March 9, 2023, jury trial commenced to hear the trial against the Plaintiff. "Defense counsel filed a motion to suppress the evidence, and the motion was carried along with the trial. [ Doc. #12 at ¶ 23].  Plaintiff alleges that the video, which was played by the prosecutor and "twelve jurors saw the body worn camera video of Plaintiff's search, along with employees of the Houston Police Department and employees of the Harris County District Attorney's Office, as well as staff of the 178th District Court including the presiding judge." [Id at ¶¶ 23, 24]. Plaintiff alleges that his "counsel requested for the trial judge to order prosecutors to blur the genital and buttocks of Plaintiff, however the jury still were able to see Plaintiff's genitals and buttocks."  [Doc # 12 ¶ 23].

9.      Houston moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiffs fail to state any actionable injury, cognizable section 1983 claim, or state law claim for which the City of Houston's governmental immunity has been waived.

## STATEMENT OF THE ISSUES

Whether the Plaintiff has pled a constitutional violation to support any 42 U.S.C. § 1983 claim or overcome the independent intermediary doctrine.

Whether the Plaintiff has plausibly alleged facts to support a 42 U.S.C. § 1983 claim against the City under *Monell.*
Whether Plaintiff has alleged an unconstitutional failure to train or supervise

Whether Plaintiff may recovery punitive damages against the City

Whether Governmental immunity protects the City from Plaintiff's tort allegations.

**STANDARD OF REVIEW**

**MOTION TO DISMISS UNDER RULE 12(b)(6)**

10.     A trial court may dismiss a complaint pursuant to Rule 12(b)(6) if the pleading fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *and see Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

11.     "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003)

(citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *Iqbal*, 556 US at 678; *and see Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim.") (citation omitted).

12.     "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 544.

13.     Here, Plaintiff has failed to allege facts supporting all the essential elements of his causes of action against Defendant City of Houston. The Amended Complaint should be dismissed, as a matter of law.

**MOTION FOR JUDICIAL NOTICE OF PUBLIC AND JUDICIAL RECORDS**

14.     When deciding a motion to dismiss a district court may "consider matters of which they may take judicial notice." "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). *Funk*, 631 F.3d at 783. The court *must* take notice of a fact if "a party requests it and the court is supplied with the

9

necessary information." FED. R. EVID. 201(c)(2). Taking judicial notice of public records or other court proceedings does not convert this motion to dismiss into a motion for summary judgment. *See Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F. App'x 329, 333 n.3 (5th Cir. 2011) (holding that the district court was not required to convert the motion to dismiss into a motion for summary judgment when it took judicial notice of public records.).

15. Houston moves for the Court to take judicial notice of Harris County District Clerk records for the criminal cases referenced in, and central to, Plaintiff's complaint. Certified copies of the entire casefile contents are attached as Exhibits 1 through 8 and include:[1]

> **Cause No. 175742101010**: Complaint filed by the Assistant District Attorney, charging the Plaintiff with Possession with intent to deliver a controlled substance. [Exhibit #1]. District Attorney's Office Motion for Sufficient Bail. [Exhibit #2]. Grand Jury Indictment charging Plaintiff with possession with intent to deliver a controlled substance and bail in the amount of $2500 was ordered. See [Exhibit #3]. Jury trial setting for Friday, March 10, 2023, at 9:30 a.m. [Exhibit #4]. Plaintiff Motion to Suppress filed March 8, 2023. [Exhibit #5]. District Attorney's Office's Motion to Dismiss based upon Court's granting of the Motion to Suppress and Order and Notice. [Exhibit #6]. Court order dismissing the complaint against the Plaintiff. [Exhibit #7]. Jury selection list was filed. [Exhibit #8]

**ARGUMENT AND AUTHORITIES**

**I.** <u>**Plaintiff fails to plead the violation of any constitutional right to state a section 1983 claim**</u>

  *A.* *No Fourteenth Amendment Violation*

16. Plaintiff's claim cannot be asserted under the Fourteenth Amendment because it involves pretrial deprivations of liberty that must be analyzed under the Fourth Amendment.

---

[1] All Causes are styled *State of Texas v. Rayshawn Batiste*, Cause No. 175421101 in the 178th Judicial District Court of Harris County Texas.

It is well settled that "an unlawful arrest claim must be analyzed under the Fourth Amendment, not the Fourteenth Amendment." *Zimmerman v. Cutler*, 657 F. App'x 340, 341 (5th Cir. 2016). A person may have a Fourteenth Amendment due process claim based on manufactured evidence if "[1] police intentionally fabricate[d] evidence and successfully g[o]t someone falsely charged ... and [2] the Fourth Amendment is unavailing."[2] To allege intentional police fabrication, however, the plaintiff must make more than conclusory allegations. *Id.* (citing *Bosarge*, 796 F.3d at 441-42). In addition to showing intentional police fabrication, the plaintiff needs to allege facts that show the claim cannot be brought under the Fourth Amendment. Typically, if the alleged manufactured evidence leads only to an arrest and not a trial, the plaintiff must seek recovery under the Fourth Amendment because the Fourth Amendment provides protection for pre-adjudication rights and if "a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing th[o]se claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). The right to be arrested with probable cause is protected under the Fourth Amendment; and therefore, it generally cannot be brought as a Fourteenth Amendment due process claim. *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 (5th Cir. 2010). Plaintiff does not claim that the officers intentionally manufactured any evidence used at a trial against Plaintiff, or any facts supporting a Fourteenth Amendment due process claim. Even if Plaintiff included such allegations, he

---

[2] *Cole v. Carson*, 802 F.3d 752, 773 (5th Cir. 2015). The fabrication must be intentional and must be done by an official. *See Id.* at 767 (distinguishing *Cuadra*, 626 F.3d at 814, where school officials and not officers were at fault and *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 441-42 (5th Cir. 2015) where there was no intentional fabrication).

cannot show that the Fourth Amendment would be unavailing to authorize a duplicative Fourteenth Amendment claim. *See*, *e.g.*, *Guillory v. Dalbour*, No. 2:15-cv-02452, 2016 U.S. Dist. LEXIS 133267, at *14 (W.D. La. 2016).

17.     Here Plaintiff makes conclusionary allegations of fabricated evidence of a tampered body worn camera video to support his Fourteen Amendment. [Doc. 12 ¶ 29]. Plaintiff's conclusory allegations that the City "altered and edited the videos…for purposes of avoiding liability and accountability" are inflammatory, unsupported, and untrue.  In fact, the City has provided both the Court and Plaintiff video evidence taken on the night of the incident at the scene of the incident which shows the search and the arrest.

### B.     *No Fourth Amendment Violation*

18.     Plaintiff alleges he was deprived of his right to be secure in his person against an unreasonable search in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution. However, the factual allegations arose from the Plaintiff's delivery of narcotics, and the arrest of Plaintiff for such the Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Warrantless searches and seizures are *per se* unreasonable unless one of the recognized exceptions applies. *Cotropia v. Chapman*, 978 F.3d 282, 286 (5th Cir. 2020).

19.     The Supreme Court has held that voluntary consent to search, search under exigent circumstances, and search incident to arrest are among these exceptions. *United States v. Edwards,* 415 U.S. 800, 808–09, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974) (search incident to arrest); *Schneckloth v. Bustamonte,* 412 U.S. 218, 248, 93 S.Ct. 2041, 36

L.Ed.2d 854 (1973) (voluntary consent); *Vale v. Louisiana,* 399 U.S. 30, 34–36, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970) (exigent circumstances)  A search incident to arrest permits officers to search a defendant, or areas within the defendant's immediate control, to prevent the concealment or destruction of evidence. *Chimel v. California,* 395 U.S. 752, 762–63, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969)

### C. NO UNREASONABLE SEARCH OR EXCESSIVE FORCE

20. "The touchstone of the Fourth Amendment is reasonableness, and the reasonableness of a search is determined 'by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests.'" *United States v. Knights*, 534 U.S. 112, 118–19, 122 S. Ct. 587 (2001) (quoting *Wyoming v. Houghton*, 526 U.S. 295, 300, 119 S. Ct. 1297 (1999)). As the invasiveness of a search increases, the Fourth Amendment requires greater justification to be reasonable. *See Illinois v. Lafayette*, 462 U.S. 640, 645, 103 S. Ct. 2605 (1983) ("the interests supporting a search incident to arrest would hardly justify disrobing an arrestee on the street, but the practical necessities of routine jail administration may even justify taking a prisoner's clothes before confining him"); *United States v. Vega-Barvo*, 729 F.2d 1341, 1344 (11th Cir. 1984) ("As intrusiveness increases, the amount of suspicion necessary to justify the search correspondingly increases.").

21. There are several different forms of searches, each involving a different degree of intrusion.  Courts classify some of the more intrusive searches as "strip searches", "visual body-cavity searches," and "manual body-cavity searches." The term "strip search"

13

generally refers to an inspection of a naked person, without any scrutiny of the person's cavities. *Blackburn v. Snow,* 771 F.2d 556, 561 n. 3 (1st Cir.1985); *Deserly v. Department of Corrections,* 298 Mont. 328, 995 P.2d 972, 976 n. 1 (2000); *Hughes v. Commonwealth,* 31 Va.App. 447, 524 S.E.2d 155, 159 (2000) (en banc). A "visual body-cavity search" includes a visual inspection of a person's anal or genital areas. *Blackburn,* 771 F.2d at 561. A "manual body-cavity search" involves some degree of probing or touching a person's body cavities.

22.     Plaintiff has failed to allege any facts that would suggest that the search of Plaintiff was illegal, unreasonable and with excessive force.

**D.     NO FALSE ARREST**

23.     Plaintiff expressly pleads, and the state court records indisputably show, that the arrest(s) Plaintiff complaints of resulted from indictments returned by a Harris County grand jury. [Exhibit 4].

24.     To state a claim for an alleged false arrest without a warrant, the Plaintiff must, at minimum, allege plausible facts that establish the lack of probable cause for his arrest.[3] "For warrantless arrests, the test for whether the police officer had probable cause to arrest is if, at the time of the arrest, he had knowledge that would warrant a prudent person's belief that the person arrested had already committed or was committing a crime." *Mangieri v. Clifton*, 29

---

[3] *Ashcroft,* 556 US at 678. *See also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011); *C.H. v. Rankin Cty. Sch. Dist.*, 415 F. App'x 541, 543 (5th Cir. 2011). It is well-settled that the lack of probable cause is "a necessary component" of a false arrest claim. *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010); *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) ("If there was probable cause for any of the charges made . . . then the arrest was supported by probable cause, and the claim for false arrest fails.") (emphasis omitted) (additional citations omitted); *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) ("The 'constitutional torts' of false arrest, unreasonable seizure, and false imprisonment . . . require a showing of no probable cause.").

F.3d 1012, 1016 (5th Cir. 1994) (quoting *Duckett v. City of Cedar Park*, 950 F.2d 272, 278 (5th Cir. 1992). "Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Curtis v. Anthony*, 710 F.3d 587, 595 (5th Cir. 2013) (quoting *Ill. v. Gates*, 462 U.S. 213, 245 n. 13 (1983)).

25.     Plaintiff's mere conclusion that the arrest lacked probable cause fails to state a claim for false arrest. The Supreme Court has expressly rejected any attempt to state a false arrest claim based on allegations of an officer's ill intent. In *Nieves v. Bartlett*, the Court explained:

> In the Fourth Amendment context, however, "we have almost uniformly rejected invitations to probe subjective intent." ...
>
> Police officers conduct approximately 29,000 arrests every day—a dangerous task that requires making quick decisions in "circumstances that are tense, uncertain, and rapidly evolving." *Graham v. Connor*, 490 U. S. 386, 397, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). To ensure that officers may go about their work without undue apprehension of being sued, we generally review their conduct under objective standards of reasonableness. ... ... A particular officer's state of mind is simply "irrelevant," and it provides "no basis for invalidating an arrest." *Devenpeck v. Alford*, 543 U. S. 146, 153, 155 (2004).

26.     Besides his belief that the criminal charges being pursued against him are without probable cause, Plaintiff offers no facts to suggest the requisite lack of probable cause for his arrest. "That standard does not require that the officer believe that it is more likely than not that the suspect committed the offense." *Jones v. Perez*, 790 F. App'x 576, 580, 581 (5th Cir. 2019) (citing *United States v. Watson*, 273 F.3d 599, 602 (5th Cir. 2001)). Instead, the officer must reasonably believe there was a "fair probability" he did. *Jones*, 790 F. App'x at 581 (quoting *Piazza v. Mayne*, 217 F.3d 239, 246 (5th Cir. 2000) (per curiam) (quotation omitted).

**E.      Plaintiff's claims are barred by the independent intermediary doctrine**

27.      Houston cannot be held liable for an arrest that was supported by probable cause. When "facts supporting an arrest are placed before a magistrate, judge, or other independent intermediary" and that intermediary issues a warrant, then the intermediary's decision to cause a warrant to be issued "breaks the chain of causation for the Fourth Amendment violation." *Jennings v. Patton*, 644 F.3d 297, 300–01 (5th Cir. 2011). The independent intermediary doctrine becomes relevant when—as here—a plaintiff's claims depend on a lack of probable cause to arrest him.[4] Under this doctrine, "even an officer who acted with malice . . . will not be liable if the facts supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury, for that intermediary's 'independent' decision 'breaks the causal chain' and insulates the initiating party." *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 553-54 (5th Cir. 2016) (quoting *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988) (quoting *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982)). The Fifth Circuit's "precedents have applied this rule even if the independent intermediary's action occurred after the arrest, and even if the arrestee was never convicted of any crime."[5]

28.      The judicially noted records establish that the grand jury issued an indictment and the magistrate judge found probable cause for the arrest. [Exhibit 4]. As such, the

---

[4] *Buehler*, 824 F.3d at 553-54 (citing *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010) (applying the independent intermediary doctrine to Fourth Amendment claims); *Russell v. Altom*, 546 F. App'x 432, 436-37 (5th Cir. 2013) (applying the doctrine to First Amendment claims)).

[5] *Buehler*, 824 F.3d 548, 553-54, citing *Taylor v. Gregg*, 36 F.3d 453, 455, 456-57 (5th Cir. 1994) (applying doctrine where presentment to magistrate and grand jury occurred after arrest), overruled on other grounds by *Castellano v. Fragozo*, 352 F.3d 939, 949 (5th Cir. 2003) (en banc); *Russell*, 546 F. App'x at 436-37; *Smith*, 670 F.2d at 526 ("The constitution does not guarantee that only the guilty will be arrested.").

independent intermediary doctrine bars Plaintiff's claim.

29. Based upon the foregoing, it is clear that Plaintiff has failed to offer an allegation linking any of the City of Houston's employees to any Fourth Amendment violation. Therefore, Plaintiff's claims under the Fourth Amendment should be dismissed.

**F.  The § 1983 claims against the City are barred by *Monell*.**

30. Plaintiff brings a § 1983 claim under a theory of *Monell* liability against the City for alleged violations of his Fourth and Fourteenth Amendment rights. [Doc. #1 at ¶ 33.] "[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

31. Plaintiff's § 1983 claims against the City should be dismissed because he has not alleged the essential elements of such a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Even if Plaintiff could demonstrate that his constitutional rights were violated by the Officer Defendants (which the City denies), *Monell* establishes that the City cannot be held liable under a theory of respondeat superior or vicarious liability. *Monell*, 436 U.S. at 694; *and see Davidson*, 848 F.3d at 395; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Rather, the municipality itself must have directly caused the violation, "through some sort of official action or imprimatur," by either officially ordering or sanctioning the offending actions. *Piotrowski*, 237 F.3d at 578; *and see City of St. Louis v. Prapotnik*, 485 U.S. 112, 123 (1988); *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018). In other

17

words, "a plaintiff cannot bootstrap government entity liability from the individual failures of employees," if any. *Sanchez v. Young Cty, Tex.*, 866 F.3d 274, 281 (5th Cir 2017); *and see Zarnow v. City of Wichita Falls*, 614 F.3d 161, 167 (5th Cir. 2010).

32. A plaintiff who brings a § 1983 claim against a municipality bears the burden of demonstrating that, "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Bd of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis orig.). Deliberate conduct requires the "execution of a government's policy or custom, whether made by its lawmakers or by those who may fairly said to represent official policy." *Monell*, 436 U.S. at 694; *Fraire v. City of Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992). "[O]nly those municipal officials who have 'final policymaking authority' may by their actions subject the government to § 1983 liability." *Prapotnik*, 485 U.S. at 123.

33. Thus, to defeat dismissal of a § 1983 claim against a municipality, a plaintiff must plead specific facts that plausibly establish each of the three essential elements of the claim: (1) an official policy or custom; (2) promulgated by the municipal policymaker; (3) which was the actual cause and "moving force" behind the alleged violation of constitutional rights. *See Ratliff v. Aransas County, Tex.*, 948 F.3d 281, 285 (5th Cir. 2020); *Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018); *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 395 (5th Cir. 2017); *Piotrowski*, 237 F.3d at 578; *Baughman v. Garcia*, 254 F. Supp. 3d 854, 885 (S.D. Tex. 2017), *aff'd sub nom. Baughman v. Seale*, 761 F. App'x 371 (5th Cir. 2019). The standard is a stringent one, and all the elements must be established to impose liability. Plaintiff here, however, has

18

not alleged any of the essential elements of a *Monell* claim.

### (1) No Policymaker

34.     The first requirement to impose municipal liability under *Monell* is "proof that an official policymaker with actual or constructive knowledge of the constitutional violation acted on behalf of the municipality." *Zarnow* 614 F.3d at 167. Plaintiff here has not alleged that Chief Finner knew of any alleged constitutional violation against Plaintiff. Therefore, Plaintiff's § 1983 claim against the City fails. *See Piotrowski*, 237 F.3d at 578.

### (2) No Official Policy or Custom by a City Policymaker

35.     To defeat a 12(b)(6) motion to dismiss, a § 1983 complaint must "allege facts that show an official policy, promulgated or ratified by the policymaker, under which the municipality is said to be liable." *Groden v. City of Dallas, Texas*, 826 F.3d 280, 284 (5th Cir. 2016). One "isolated unconstitutional action" by a police officer will not trigger liability for the City. *See Sanchez*, 866 F.3d at 280; *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009); *Piotrowski*, 237 F.3d at 578.

36.     The Fifth Circuit has recognized three ways of establishing a municipal policy for the purposes of *Monell* liability:

(1) Through evidence of a written policy statement, ordinance, regulation or decision that was officially promulgated by the lawmaking officers of the City.

(2) By showing a persistent or widespread practice of City officials or employees that is so common and well-settled as to constitute a custom that fairly represents municipal policy.

(3) In "rare circumstances," through proof that the official or entity

possessing "final policymaking authority" for an action performed "the specific act that forms the basis of the § 1983 claim."

*Webb v. Town of Saint Joseph*, 925 F.3d 209, 214–15 (5th Cir. 2019); *Robinson v. Hunt County, Tex.*, 921 F.3d 440, 449 (5th Cir. 2019); *Peterson*, 588 F.3d at 851; *Davidson*, 848 F.3d at 395; *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*); *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (*en banc*); *Baughman*, 254 F. Supp. 3d at 886. *And see Garza v. City of Donna*, 922 F.3d 626, 637 (5th Cir. 2019); *Robinson v. Hunt Cty, Tex.*, 921 F.3d 440, 449 (5th Cir. 2019). Here, Plaintiff alleges only the first two bases for *Monell* liability.

### (3) No written and officially-promulgated policy promulgated by a lawmaker

37. Plaintiff contends, broadly, that the City has "put forth customs, policies, and practices" which allow for the violations of the Fourteenth and Fourth Amendments. [Doc. #12 at ¶ 31]. This conclusory allegation is insufficient to meet the pleading standards of Rule 8, *Twombly* and *Iqbal*, because it does not identify with specificity any allegedly deficient written policy which was officially promulgated by a City policymaker. *See Ratliff*, 948 F.3d at 285. Plaintiff does not contend, as he is required to do under *Monell*, that any *statutorily authorized* policymaker of the City promulgated a written policy statement, ordinance, regulation or decision requiring HPD Officers to improperly arrest citizens for having fictitious IDs. *See Groden*, 826 F.3d at 285. Therefore, Plaintiff cannot maintain a *Monell* claim based on the allegation of any deficient City policy.

### (4) No persistent or widespread practice

38. "Conclusory allegations of the existence of an unwritten policy, practice, or

custom are … insufficient" to meet Plaintiff's pleading burden under *Monell*. *Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057 at *12 (S.D. Tex. Sept. 30, 2011). "To survive a motion to dismiss on an unconstitutional unwritten policy or customary-practice claim, a plaintiff must plead sufficient facts to allow the reasonable inference that there was a 'pattern of misconduct'" by the City. *Id*. (quoting *Oporto v. City of El Paso*, No. EP–10–CV–110–KC, 2010 WL 3503457, at *6 (W.D. Tex. Sept. 2, 2010)).

39.     Here, Plaintiff cannot establish  a "pattern of misconduct." Plaintiff only makes conclusionary statements. But "[a] pattern requires similarity and specificity." *Vouchides*, 2011 WL 4592057 at *12 (quoting *Peterson*, 588 F.3d at 851). Prior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question." *Peterson*, 588 F.3d at 851. Additionally, one bad act does not make a pattern. To support a *Monell* claim against the City, Plaintiff was required to allege repeated complaints of violations similar to those at issue in this suit, which had "occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct." *Zarnow*, 614 F.3d at 169; *Vouchides*, 2011 WL 4592057 at *12. In other words, Plaintiff was required to allege specific facts which could support an inference that the City knew of, and condoned, a longstanding practice by HPD of arresting individuals for having fictitious IDs who actually had a valid driver's license. *See Sanchez*, 866 F.3d at 280. No such allegations have been made here, and no such facts exist. The § 1983 claim against the City should be dismissed.

***(5) No City Policy Which was the Actual Cause of any Violation of Plaintiff's Constitutional Rights***

40.     Additionally, and in the alternative, Plaintiff has not alleged that any specific City policy was the actual cause and "moving force" behind the alleged violation of her rights under the Fourteenth and Fourth Amendments. *See Ratliff*, 948 F.3d at 285; *Pena*, 879 F.3d at 621; *Davidson,* 848 F.3d at 395; *Piotrowski*, 237 F.3d at 578; *and see Sanchez v. Young County, Tex.*, 866 F.3d 274, 280 (5th Cir. 2017) (noting requirement that allegedly deficient procedure be "causally linked" to injury alleged). The *Monell* claim fails for this reason as well.

## II.   Plaintiff has not alleged an unconstitutional failure to train or supervise.

41.     In addition to alleging violations of the Fourth and Fourteenth Amendments stemming from his arrest, Plaintiff contends that the City is liable under § 1983 for failing to train and supervise the Defendant Officers "on how to properly identify authentic government issued identification cards or proper department policy on conducting a body search." Amended Complaint, ¶ 73. But the facts alleged are not sufficient to support a claim for failure to train or supervise under § 1983.

42.     The United States Supreme Court has cautioned litigants that "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). To support a § 1983 claim for failure to train, a plaintiff must allege facts sufficient to show all of the following elements:

(1)     the municipality's training or supervision procedures were inadequate;

> (2)  the municipality was deliberately indifferent in adopting its training or supervision policy; and
>
> (3)  the inadequate policy directly caused the violations at issue.

*Ratliff*, 948 F.3d at 285; *Zarnow*, 614 F.3d at 170.

43.  To establish deliberate indifference in this context, a plaintiff must allege "at least a pattern of similar violations arising from training, [supervision, or discipline] that is so clearly inadequate as to be obviously likely to result in constitutional violation." *Gerald Burge v. St. Tammany Parish,* 336 F.3d 363, 370 (5th Cir. 2008). Inadequate training or supervision procedures may not be assumed simply because there may be evidence of isolated violations by individual municipal officers. *Zarnow*, 614 F.3d at 170 (citing *Goodman v. Harris Cnty.*, 571 F.3d 388 (5th Cir. 2009)); *Fraire*, 957 F.2d at 1278. Likewise, "a city's custom or policy authorizing or encouraging [employee] misconduct 'cannot be inferred from a municipality's isolated decision not to discipline a single officer for a single incident of illegality.'" *Fraire*, 957 F.2d at 1278-79 (quoting *Berry v. McLemore*, 670 F.2d 30, 33 (5th Cir. 1982)).

44.  Even if, as Plaintiff contends, Defendant Officers improperly arrested him for Possession with intent to deliver a controlled substance, this would not support a claim for failure to train. *See id.* Instead, Plaintiff must identify the procedures used to train HPD officers and "allege with specificity how a particular training program is defective." *Zarnow*, 614 F.3d at 170 (quoting *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005)). Further, there must be "specific allegations supporting a plausible causation inference" between the alleged training deficiency and the injury at issue. *Ratliff*, 948 F.3d at 285. The facts alleged must be sufficient to show that any purported failure to train the

Defendant Officers directly caused a violation of Plaintiff's civil rights. *See Zarnow*, 614 F.3d at 170; *Fraire*, 957 F.2d at 1278-79. But Plaintiff has not made any causal connection between the City's training programs and his alleged injuries.

45.     Finally, to survive a Rule 12 motion, Plaintiff's pleadings must contain facts showing that the City's alleged failure to train HPD officers "amounts to deliberate indifference." *Garza*, 922 F.3d at 637 (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989); *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 624 (5th Cir. 2018)). To establish deliberate indifference, Plaintiff must allege either that the City provided "no training whatsoever with respect to the relevant constitutional duty," or that there was a "pattern of violations stemming from deficient training" of which the City was aware. *Id.* at 647. "Without notice that a course of training is deficient in any respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick*, 563 U.S. at 62. But Plaintiff's Amended Complaint does not allege facts indicating that the City decisionmakers knew the training for HPD officers was deficient.  For all these reasons, Plaintiff does not meet his pleading burden under § 1983. The failure to train claim should be dismissed, as a matter of law. *See Ratliff*, 948 F.3d at 285; *Zarnow*, 614 F.3d at 170; *Fraire*, 957 F.2d at 1278.

**III. No recovery of punitive damages is allowed against the City.**

46.     It is well settled that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *and see Thomas v. City of New Orleans*, 687 F.2d 80, 84 n.2 (5th Cir. 1982). Therefore, in

the unlikely event that any of Plaintiff's causes of action against the City survive dismissal, he should not be allowed to pursue his claim for punitive damages.

**IV.     Governmental immunity protects Houston from tort allegations**

47.     The Texas Tort Claims Act governs waiver of immunity for tort suits against governmental units. *See* TEX. CIV. PRAC. & REM. CODE § 101.025; *Reata Constr. Corp.,* 197 S.W.3d at 378. The TTCA provides only a limited immunity waiver for tort suits arising from certain narrowly-defined circumstances: (1) the use of motor-driven vehicles or equipment, (2) the condition or use of personal property, and (3) the condition or use of real property (premises defects).  *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1); *Tex. Dep't Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *Garcia,* 253 S.W.3d at 655. And it governs all common-law tort theories alleged against governmental units, regardless of whether its limited waiver applies.  *See Franka v. Velasquez*, 332 S.W.3d 367, 378 (Tex. 2011); *Garcia*, 253 S.W.3d at 659. Plaintiff's allegation of gross negligence does not state a claim within any limited waiver of the City's governmental immunity under the TTCA.

48.     The TTCA expressly <u>retains the City's immunity</u> for claims "arising out of assault, battery, false imprisonment, or any other intentional tort." *See* TEX. CIV. PRAC. & REM. CODE §101.057(2); *Franka*, 332 S.W.3d at 375. False arrest and malicious prosecution are intentional torts. *See, e.g., City of San Antonio v. Dunn*, 796 S.W.2d 258 (Tex. App. – San Antonio 1990, writ denied) (false arrest); *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515 (Tex. 1997) (malicious prosecution). Therefore, the TTCA does not waive the City's immunity for any of Plaintiff's Texas law claims of false arrest, malicious prosecution and gross negligence, because these are intentional torts which are expressly

excluded from the limited immunity waiver. *See* TEX. CIV. PRAC. & REM. CODE § 101.057(2). Houston is entitled to dismissal of those claims, with prejudice.

## CONCLUSION AND PRAYER

For the reasons stated, Plaintiff's amended complaint should be dismissed for failure to state a claim upon which relief can be granted against Houston. Defendant City of Houston respectfully prays that the honorable Court grant this motion and dismiss with prejudice all Plaintiff's claims against them and grant all other relief to which Defendant may be entitled.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Section Chief, Torts/Civil Rights

By:  */s/ Michelle C. Taylor*
Michelle C. Taylor
Senior Assistant City Attorney
Attorney in Charge
SBN: 224060889
FBN: 3773284
Tel. (832) 393-6248

Michelle.Taylor2@houstontx.gov
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-0368

**ATTORNEYS FOR DEFENDANTS**
**CITY OF HOUSTON**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 9, 2024, a true and correct copy of the foregoing document, and any attachments, were delivered to all opposing counsel(s) by electronic filing of same in accordance with the District ECF's service rules, and alternatively via certified mail, return receipt requested, and/or e-mail or facsimile transaction to:

Andre A. Wheeler
P.O. Box 682705
Houston, Texas 77268
Andrewheeler_esq@yahoo.com

*/s/ Michelle C. Taylor*
Michelle C. Taylor


**<u>VERIFICATION</u>**

I verify that the documents attached as Exhibits 1-9 contain true and correct copies of the documents they purport to be.


April 11, 2024.
Date

*/s/ Michelle C. Taylor*
Michelle C. Taylor