**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Rayshawn Batiste,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:24-cv-00368** |
| | § | |
| **City of Houston; Chief Troy Finner,** | § | |
| **individually; Officer C. Donovan,** | § | |
| **individually; Sgt. D. Russell, individually;** | § | |
| **Officer F. Rahimzadeh, individually;** | § | |
| **Officer G. R. Greenlea, individually;** | § | |
| *Defendants* | § | |

**DEFENDANT CITY OF HOUSTON'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED PURSUANT TO RULE 12(b)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now Defendant City of Houston ("Houston") and files this Reply to Plaintiff's Response to Defendant's Motion to dismiss Plaintiff's First Amended Original Complaint [Doc. #20], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Houston would respectfully show the Court as follows:

Defendant filed its Motion to Dismiss the Amended Complaint [Doc # 20]. In their Motion to Dismiss Houston argued that the Amended Complaint should be dismissed based on several grounds: (1) fails to plausibly allege any constitutional violation to support a § 1983 claim (failure to state a Fourth and Fourteenth Amendment violation, no unreasonable search or secessive force, no false arrest, plaintiff's claims are barred by the independent intermediary doctrine, Plaintiff claims are barred by Monell; (2)

1

no allegation of failure to train or supervice; (3) no punative damages are allowed against the City; and Governmental immunity protects the City from tort allegations.

**Plaintiff attempts to rewrite the allegations in his Original and Amended Complaint**

Commented [JSL1]: Can this be taken out?

Plaintiff attempts to improperly rewrite the allegations in his Original and Amended Complaint, which was woefully inadequate in stating a claim upon which relief can be granted against the City of Houston.  Plaintiff seeks to add to his allegations by attempting to establish a custom and practice of the Houston Police Department by listing incident of alleged "prior incidents" [Doc. # 26 at pg. 8] and attempts to identify for the first time Houston Chief of Police Troy Finner, and past Chiefs of Police and staff with knowledge of the alleged "custom and practices". [Id. at ¶21].    As such, these additional allegations should be struck.

**Plaintiff has not alleged an unconstitutional failure to train or supervise.**

Plaintiff in his response has chosen to only address the Monell Claim and states that he "hang [his]*Monell* liability [on] the City of Houston's alleged policy of providing no training whatsoever regarding its employees' legal duties not to conduct unreasonable searches and ratifying its officers' behavior when they do conduct unreasonable searches, seizures and illegal arrests. [Doc. # 26 at ¶ 29].

Despite hanging his claim on a failure to train claim, the Plaintiff has not addressed the factual shortage of facts and only conclusionary statement of his Complaints, as pointed to in Houston's Motions to Dismiss.  Plaintiff has failed to establish the necessary allegations to support a to support a § 1983 claim for failure to train, a plaintiff

2

must allege facts sufficient to show all of the following elements:

(1)    the municipality's training or supervision procedures were inadequate;
(2)    the municipality was deliberately indifferent in adopting its training or supervision policy; and
(3)    the inadequate policy directly caused the violations at issue.

*Ratliff*, 948 F.3d at 285; *Zarnow*, 614 F.3d at 170.

Even if, as Plaintiff contends, Defendant Officers improperly arrested him for Possession with intent to deliver a controlled substance, this would not support a claim for failure to train. *See id.* Instead, Plaintiff must identify the procedures used to train HPD officers and "allege with specificity how a particular training program is defective." *Zarnow*, 614 F.3d at 170 (quoting *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005)). Further, there must be "specific allegations supporting a plausible causation inference" between the alleged training deficiency and the injury at issue. *Ratliff*, 948 F.3d at 285. The facts alleged must be sufficient to show that any purported failure to train the Defendant Officers directly caused a violation of Plaintiff's civil rights. *See Zarnow*, 614 F.3d at 170; *Fraire*, 957 F.2d at 1278-79. But Plaintiff has not made any causal connection between the City's training programs and his alleged injuries.

Finally, to survive a Rule 12 motion, Plaintiff's pleadings must contain facts showing that the City's alleged failure to train HPD officers "amounts to deliberate indifference." *Garza*, 922 F.3d at 637 (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989); *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 624 (5th Cir. 2018)). To establish deliberate indifference, Plaintiff must allege either that the City provided "no training whatsoever with respect to the relevant constitutional duty," or that there was a

3

"pattern of violations stemming from deficient training" of which the City was aware. *Id.* at 647. "Without notice that a course of training is deficient in any respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick*, 563 U.S. at 62. But Plaintiff's Amended Complaint does not allege facts indicating that the City decision makers knew the training for HPD officers was deficient.  For all these reasons, Plaintiff does not meet his pleading burden under § 1983. The failure to train claim should be dismissed, as a matter of law. *See Ratliff*, 948 F.3d at 285; *Zarnow*, 614 F.3d at 170; *Fraire*, 957 F.2d at 1278.

**Plaintiff's response is legally insufficient to state a Monell Claim**

Plaintiff is unable to establish evidence of a written policy statement, ordinance, regulation, or decision that was officially promulgated by the lawmaking officers of the City, as he hands his claims on an attempt to show a persistent or widespread practice of City officials or employees that is so common and well-settled as to constitute a custom that fairly represents municipal policy.  However, plaintiff has again failed to establish a custom or practice which would create a Monell claim.

Plaintiff in this matter alleges that his rights were violated based upon excessive force used during his warrantless search, which resulted in a "strip search" and the exposure of his buttock and genitals.

Despite Plaintiff's addition of "prior incidents" to attempt to establish a pattern of misconduct Plaintiff again has only made conclusionary statements. None of the alleged "prior incidents" are similar to the facts of this case, nor are they alleged with specificity.

"A pattern requires similarity and specificity." *Vouchides*, 2011 WL 4592057 at *12 (quoting *Peterson*, 588 F.3d at 851). Prior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question." *Peterson*, 588 F.3d at 851. Additionally, one bad act does not make a pattern. To support a *Monell* claim against the City, Plaintiff was required to allege repeated complaints of violations similar to those at issue in this suit, which had "occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct." *Zarnow*, 614 F.3d at 169; *Vouchides*, 2011 WL 4592057 at *12. In other words, Plaintiff was required to allege specific facts which could support an inference that the City knew of, and condoned, a longstanding practice by HPD of arresting individuals for having fictitious IDs who actually had a valid driver's license. *See Sanchez*, 866 F.3d at 280. The added allegation does not comply with the requirement, and no such facts exist. Therefore, the § 1983 claim against Houston should be dismissed.

**Plaintiff has abandoned his claims against Houston.**

Local Rule 7.4 in part provides, "Failure to respond to a motion will be taken as a representation of no opposition." By failing to respond to Defendant Houston's arguments, Plaintiff has effectively waived opposition to these arguments in the Motion to Dismiss. S. D. Tex. L.R. 7.4. *See, e.g., Chavez v. Alvarado*, 550 F. Supp. 3d 439, 447 (S.D. Tex. 2021) (Lee H. Rosenthal, C. J.) (dismissing claims because "plaintiffs did not respond to the argument, effectively abandoning their claims against the Houston Police Department."); citing *Black v. N. Panola Sch. Dist.*, 46

Defendant's Motion to Dismiss argued that Plaintiff failed to: (1) plead any actionable § (failure to state a Fourth and Fourteenth Amendment violation, no unreasonable search or secessive force, no false arrest, plaintiff's claims are barred by the independent intermediary doctrine, Plaintiff claims are barred by Monell; (2) no allegation of failure to train or supervice; (3) no punative damages are allowed against the City; and Governmental immunity protects the City from tort allegations. [Doc 20].   Plaintiff's purported response [Doc. #26] contains no substantive response to several of Defendant's arguments.

By failing to defend his claims against the Defendant in response to the 12(b) motion, Plaintiff has abandoned his claims. *See Black v. N. Panola Sch. Dist*., 461 F.3d 584, 588 n.1 (5th Cir. 2006) (citing *Vela v. City of Houston*, 276 F.3d 659, 679 (5th Cir. 2001)). Plaintiff's failure to pursue this claim beyond his complaint constituted abandonment."); *Brackens v. Ocwen Loan Servicing*, LLC, 3:13-CV-3458-L, 2015WL 1808541, at *4 (N.D. Tex. Apr. 21, 2015) ("Because Plaintiff failed to address Defendant's arguments in a response, he has abandoned his wrongful foreclosure claim."); *see also Symetra Life Ins. Co. Nat'l Ass'n of Settlement Purchasers v. Rapid Settlements, Ltd*., CV H-05-3167, 2012 WL 12893482, at *13 (S.D. Tex. May 1, 2012) (holding that plaintiff abandoned claim by not addressing it in response to summary judgment motion).

Based upon the foregoing, the claims against Houston should be dismissed.

6

## CONCLUSION AND PRAYER

For the reasons stated, Plaintiff's amended complaint should be dismissed for failure to state a claim upon which relief can be granted against Houston.  Defendant City of Houston respectfully prays that the honorable Court grant this motion and dismiss with prejudice all Plaintiff's claims against them and grant all other relief to which Defendant may be entitled.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Section Chief, Torts/Civil Rights

By:   */s/ Michelle C. Taylor*
Michelle C. Taylor
Senior Assistant City Attorney
Attorney in Charge
SBN:  224060889
FBN:  3773284
Tel. (832) 393-6248

Michelle.Taylor2@houstontx.gov
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-0368

**ATTORNEYS FOR DEFENDANTS**
**CITY OF HOUSTON**

7

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2024, a true and correct copy of the foregoing document, and any attachments, were delivered to all opposing counsel(s) by electronic filing of same in accordance with the District ECF's service rules, and alternatively via certified mail, return receipt requested, and/or e-mail or facsimile transaction to:

Andre A. Wheeler
P.O. Box 682705
Houston, Texas 77268
Andrewheeler_esq@yahoo.com

/s/ Michelle C. Taylor
Michelle C. Taylor