**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Rayshawn Batiste,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:24-cv-00368** |
| | § | |
| **City of Houston; Chief Troy Finner,** | § | |
| **individually; Officer C. Donovan,** | § | |
| **individually; Sgt. D. Russell, individually;** | § | |
| **Officer F. Rahimzadeh, individually;** | § | |
| **Officer G. R. Greenlea, individually;** | § | |
| *Defendants* | § | |

**DEFENDANTS OFFICER RAHIMZADEH and SGT. RUSSELL'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED PURSUANT TO RULE 12(b)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now Officer Rahimzadeh (now named Officer Frolik) and Sgt. Russell ("Defendants Officer Frolik and Sgt. Russell") file this Reply to Plaintiff's Response to Defendants' Motion to dismiss Plaintiff's First Amended Original Complaint [Doc. #27], pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted, and on grounds of qualified immunity, and respectfully shows the following:

Defendants Officer Frolik and Sgt. Russell filed their Motion to Dismiss the Amended Complaint [Doc # 19]. In their motion to Dismiss Defendants argued that the Amended Complaint should be dismissed based on several grounds: (1) fails to plausibly allege any constitutional violation to support a § 1983 claim (failure to state a Fourth and Fourteenth Amendment violation, no unreasonable search or secessive force, no false arrest

and failure to overcome the *independent intermediary doctrine*) ; (2) Qualified Immunity;

and (3) dismissal  pursuant to the Texas Tort Claims Act.

**Plaintiff's response is legally insufficient to overcome Defendants Officer Frolik and Sgt. Russell qualified immunity.**

A defendant's entitlement to qualified immunity must be determined "at the earliest possible stage of the litigation." *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam). That's because qualified immunity is more than "a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (quotation omitted). It's also "an immunity from suit." *Ibid.* (quotation omitted). And one of the most important benefits of the qualified immunity defense is "protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe*, 691 F.3d at 648; *see also Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986) (per curiam) (a "refusal to rule on a claim of immunity" deprives a defendant of his "entitlement under immunity doctrine to be free from suit and the burden of avoidable pretrial matters").Plaintiff's response is inadequate to defeat Defendants Officer Frolik and Sgt. Russell' qualified immunity.  Plaintiff's response fails to state a claim that overcomes the Defendants Officer Frolik and Sgt. Russell' qualified immunity, and the Court must dismiss all claims asserted against the Defendants Officer Frolik and Sgt. Russell accordingly.

Plaintiff states "Defendants are not entitled to qualified immunity" [Doc. #27 pg. 11].  Plaintiff does not cite or analogize any controlling authority that was decided before his arrests in which officers acting under similar circumstances as HPD

2

Officers were held to have violated the Fourth or Fourteenth Amendment or explain why that case clearly proscribed the conduct required of the Defendant, individually.

After an officer raises the defense of qualified immunity, "[i]t is the plaintiff's burden to find a case in his favor that does not define the law at a high level of generality." *Rich v. Palko*, 920 F.3d 288, 294 (5th Cir. 2019), cert. denied, 140 S. Ct. 388, 205 L. Ed. 2d 217 (2019), reh'g denied sub nom. *Rich for Dupuis-Mays v. Palko*, 140 S. Ct. 659, 205 L. Ed. 2d 413 (2019) "To meet this high burden, the plaintiff must 'point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity.'" *Jamison v. McClendon*, 476 F. Supp. 3d 386, 416 (S.D. Miss. 2020); *see also Palko*, 920 F.3d at 294.

The Fifth Circuit reaffirmed that "we cannot deny qualified immunity without identifying a case in which an officer acting under similar circumstances was held to have violated the Fourth Amendment, and without explaining why the case clearly proscribed the conduct of that individual officer." *Joseph on behalf of Estate of Joseph v. Bartlett*, 981 F.3d 319, 345 (5th Cir. 2020). "The Supreme Court strictly enforces the requirement to identify an analogous case and explain the analogy." *Id.* at 346.

In *Joseph*, the Fifth Circuit reversed the district court's denial of qualified immunity as to officers against whom the plaintiff asserted a bystander claim because:

> Plaintiffs do not identify a single case to support the argument that any reasonable officer would have known to intervene under these circumstances. We make no comment on whether Plaintiffs could have done so—the record in this case simply shows that they have not done so.

*Id.* at 345. The Fifth Circuit then observed that the defendant officers did not have

3

the burden to identify any case. *Id.*  It is not Defendant's duty to identify a case. *Id.*  Plaintiff did not identify or analogize any such controlling case in his response.  T

Base upon the foregoing, this Court should therefore grant Defendants' Motion and dismiss all claims against Defendants Officer Frolik and Sgt. Russell. *See Joseph*, 981 F.3d at 345.

## CONCLUSION AND PRAYER

For the reasons stated, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted against Defendants Officer Frolik and Sgt. Russell, or overcome their qualified immunity, and further opportunities to amend would be futile.  Defendants Officer Frolik and Sgt. Russell respectfully pray that the honorable Court grant this motion and dismiss with prejudice all Plaintiff's claims against them and grant all other relief to which Defendants may be entitled.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Section Chief, Torts/Civil Rights

By:   */s/ Michelle C. Taylor*
Michelle C. Taylor
Senior Assistant City Attorney
Attorney in Charge
SBN:  224060889
FBN:  3773284
Tel. (832) 393-6248

Michelle.Taylor2@houstontx.gov
City of Houston Legal Department
P.O. Box 368

Houston, Texas 77001-0368

**ATTORNEYS FOR DEFENDANTS**
**Officer Frolik and Sgt. Russell**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2024, a true and correct copy of the foregoing document, and any attachments, were delivered to all opposing counsel(s) by electronic filing of same in accordance with the District ECF's service rules, and alternatively via certified mail, return receipt requested, and/or e-mail or facsimile transaction to:

Andre A. Wheeler
P.O. Box 682705
Houston, Texas 77268
Andrewheeler_esq@yahoo.com

*/s/ Michelle C. Taylor*
Michelle C. Taylor