Case 4:24-cv-00368   Document 32   Filed on 12/18/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
December 19, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYSHAWN BATISTE, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:24-cv-368 |
| | § | |
| CITY OF HOUSTON, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### ORDER

Pending before this Court is Houston Chief of Police Troy Finner's ("Chief Finner") Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. No. 18). Rayshawn Batiste ("Plaintiff") responded in opposition, (Doc. No. 27), to which Chief Finner replied, (Doc. No. 29). Having considered the motion and the relevant pleadings, the Court **GRANTS** the Motion. (Doc. No. 18).

Also pending before this Court are Chief Finner, Sergeant D. Russel, and Officer Frolic's (f/k/a Rahimzadeh) (collectively, "Defendants") Motion to Dismiss, (Doc. No. 8), and the City of Houston's Motion to Dismiss, (Doc. No. 9). In response, Plaintiff filed his First Amended Complaint, (Doc. No. 12), which is now the operative complaint. Defendants and the City of Houston have filed new motions to dismiss in response to the First Amended Complaint, mooting their initial motions to dismiss. Thus, the Court **DENIES** the original motions as moot. (Doc. Nos. 8 and 9). The new motions will be addressed in separate orders.

### I. Background

Plaintiff brings this 42 U.S.C. § 1983 and Texas Tort Claims Act action against the City of Houston, Chief Finner, and several other law enforcement officers of the Houston Police Department for alleged violations of his constitutional rights. (Doc. No. 12). The alleged violations

arise from an undercover narcotics operation, during which a co-defendant undercover officer approached a suspect, Brandon Dunbar, seeking to purchase cocaine. (*Id.* at 5). When the suspect responded affirmatively, the officer gave him a marked twenty-dollar bill. (*Id.*). The suspect then entered the store, at which point he was observed briefly conversing with Plaintiff, who had entered the store before the officer arrived at the scene. (*Id.*). Notably, the officer later testified that she could only see the suspect and Plaintiff from shoulder up—that is, she did not see any hand-to-hand transaction between them. (*Id.* at 6). Plaintiff then left the store, and soon thereafter, so did the suspect. (*Id.*). The suspect gave the officer cocaine, prompting his arrest. (*Id.*). By this time, Plaintiff was already walking away from the store, but he turned around to observe the commotion. (*Id.*). Another officer called out to Plaintiff, approached him, and detained him. (*Id.*). Plaintiff was then driven back to the store in a marked police vehicle. (*Id.*). Plaintiff alleges that he was "immediately strip searched" and that the whole search was recorded on body camera footage.[1] (*Id.* at 6–7).

Even after a thorough search of his person and personal belongings for "over twelve and half minutes," Plaintiff alleges that the officers could not find the marked bill. (*Id.* at 8). Nevertheless, the officers did not release Plaintiff. Plaintiff alleges that, instead, the officers planted a marked twenty-dollar bill—out of the view of the body camera—into a stack of cash retrieved from Plaintiff's pocket. (*Id.* at 8). He further alleges that the body camera footage was altered because the video "pauses and . . . jumps forward . . . right at the moment Sergeant Russell

---

[1] According to Plaintiff, the judge in Plaintiff's state criminal proceeding suppressed the body-cam footage, finding that the detention, search, and arrest of Plaintiff exceeded the scope of reasonable suspicion and that there was no probable cause. (Doc. No. 12 at 10).

is handing something to Officer Schad." (*Id.* at 8–9). Plaintiff was charged with possession of a controlled substance and jailed.[2] (*Id.* at 9).

For these alleged violations of his constitutional rights, Plaintiff has sued Chief Finner, among others, in his individual capacity. (Doc. No. 12 at 1). The First Amended Complaint, however, does not seem to assert any independent causes of action against Chief Finner. Instead, it mentions Chief Finner only insofar as he served as "the Policy Maker" under Plaintiff's § 1983 municipal-liability claim. (Doc. No. 13 at 18–21). As such, Chief Finner, argues that Plaintiff has failed to plead the essential elements of a § 1983 claim for either personal or supervisory liability against him. Chief Finner further argues that qualified immunity and the Texas Tort Claims Act entitle him to a dismissal of these claims against him. Since the Court grants Defendant's motion on failure-to-state-a-claim grounds, it does not reach the qualified-immunity or Texas Tort Claims Act arguments.

## II.    Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a

---

[2] Charges against Plaintiff were eventually dropped. (*Id.*).

3

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III.   Analysis

Section 1983 provides a cause of action against those who, under color of law, deprive a citizen of the United States "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Such claims may be brought against persons in their individual or official capacity, or against a governmental entity. *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009). In suits against an official in his or her individual capacity, however, "[p]ersonal involvement is an essential element." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). That is, there is no vicarious liability under § 1983 for the conduct of subordinates. *Id.* As such, "[s]upervisory officials [like Chief Finner] may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

Chief Finner argues that Plaintiff fails to plausibly allege either of those avenues of liability. The Court agrees. The extent of Plaintiff's allegations against Chief Finner is as follows: (1) Chief

4

Finner ratified a General Order, issued on January 20, 2021, that mandated that officers wear and activate their body worn cameras, (Doc. No. 12 at 19–20); and (2) Chief Finner ratified "a policy, practice[,] custom[,] and procedure authorizing and allowing the use of actions that violated the Fourth and Fourteenth Amendment rights of Plaintiff," (*Id.* at 20–21). First, neither of those allege Chief Finner's affirmative, personal involvement in the acts that caused the alleged constitutional deprivation. Second, the first allegation—that Chief Finner ratified the policy of mandating body-cams—is not causally connected to Plaintiff's injury. In fact, it is the officers' alleged *violation* of this policy that Plaintiff contends infringed on his constitutional rights. *See* (*id.* at 19). Third, Plaintiff's threadbare assertion that Chief Finner "ratified" a policy that "authoriz[ed] and allow[ed] the use of actions that violated the Fourth and Fourteenth Amendment rights of Plaintiff" is insufficient to "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. Not only does the Complaint not set out any facts that could plausibly indicate that Chief Finner implemented unconstitutional policies, but Plaintiff's response also does not meaningfully rebut Chief Finner's reasons for dismissal.[3] As such, Chief Finner's Motion to Dismiss is granted. (Doc. No. 18).

---

[3] The extent of Plaintiff's response to Chief Finner's arguments, in its entirety, is as follows:

> Plaintiff has no objection to the dismissal of the Tort claims against, Defendant Troy Finner pursuant to provisions of the Texas Tort Claims Act and his having no physical involvement in the incident leading to Plaintiff's constitutional rights being violated.

(Doc. No. 27 at 12). The Court notes that Plaintiff did not bring a Texas Tort Claims Act claim against Chief Finner.

## IV. Conclusion

For the foregoing reasons, Chief Finner, Sergeant D. Russel, and Officer Frolik's Motion to Dismiss, (Doc. No. 8), and the City of Houston's Motion to Dismiss, (Doc. No. 9), are **DENIED** as moot. Chief Finner's Motion to Dismiss is **GRANTED**. (Doc. No. 18). Plaintiff's claims against Chief Finner are **DISMISSED WITH PREJUDICE**.

Signed on this 18th day of December 2024.

Andrew S. Hanen
United States District Judge