IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Rayshawn Batiste, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:24-cv-00368 |
| City of Houston; Chief Troy Finner, | § | |
| individually; Officer C. Donovan, | § | |
| individually; Sgt. D. Russell, individually; | § | |
| Officer F. Rahimzadeh, individually; | § | |
| Officer G. R. Greenlea, individually; | § | |
| *Defendants* | | |

## DEFENDANT FROLIK'S ORIGINAL ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, Officer F. Frolik (f/k/a Rahimzadeh) ("Defendant Frolik") files this Original Answer to Plaintiff's First Amended Complaint [Doc. #12] as follows:

1.      Defendant Frolik asserts that all claims against her regarding unreasonable search and seizure of Plaintiff and fabrication of evidence pursuant to the Fourth Amendment have been dismissed and the complaint is moot against her, depriving the Court of subject matter jurisdiction.  To the extent the Court determines otherwise, however, Defendant Frolik denies that she committed, or Plaintiff suffered any 42 U.S.C. §1983 violations under the Fourteenth Amendment as alleged in paragraph 1.

2.      Defendant Frolik admits this action is brought under 42 U.S.C. §1983 and §1988, as alleged in paragraph 2.

1

3.  Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 3, to the extent that the Court determines otherwise those allegations contained in paragraph 3 are denied.

**Alleged Jurisdiction and Venue**

4.  Defendant Frolik asserts that all of Plaintiff's Fourth Amendment unreasonable search and seizure claims, and fabrication-of-evidence claim, as well as state-law false imprisonment claim all against her have been dismissed and the complaint is moot against her, depriving the Court of subject matter jurisdiction. To the extent the Court determines otherwise, however, Defendant admits the Court generally has federal question jurisdiction generally under 42 U.S.C. §1983 and §1988 as alleged in paragraph 4 but denies that she is subject to suit because she is protected by qualified immunity.

5.  Defendant Frolik admits venue is proper, as alleged in paragraph 5.

**Alleged Parties**

6.  Defendant Frolik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.  Defendant Frolik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.  Defendant Frolik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.  Defendant Frolik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.     Defendant Frolik admits the allegations in paragraph 9 regarding her employment; Defendant is not required to answer legal conclusions about the capacity in which she is sued, therefore she denies those at this time.

11.     Defendant Frolik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.     Defendant Frolik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

**Alleged Background**

13.     Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 13, therefore they are denied.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are admitted.

14.     Defendant Frolik denies those allegations contained in paragraph 14.

15.     Defendant Frolik is not required to answer legal conclusions about hand-to-hand transactions.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations in paragraph 15 are denied.

16.     Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 16, therefore they are denied.

17.     Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 17, therefore they are denied.

18.     Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 18, therefore they are denied.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

19. Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 19, therefore they are denied.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

20. Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 20, therefore they are denied.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

21. Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 21, therefore they are denied.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

22. Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 22, therefore they are denied.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

23. Defendant Frolik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

24. Defendant Frolik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

25. Defendant Frolik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

26. Defendant Frolik denies the allegations in paragraph 26.

**Alleged Violation of the Fourth and Fourteenth Amendments**

27.    Defendant Frolik admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 27; Defendant Frolik's responses and denials to each are incorporated herein.

28.    Defendant Frolik is not required to answer legal conclusion regarding the Fourth and Fourteenth Amendments as contained in paragraph 28, therefore she denies those at this time.

29.    Defendant Frolik asserts that all of Plaintiff's Fourth Amendment unreasonable search and seizure claims, and fabrication-of-evidence claim, as well as state-law false imprisonment claim all against her have been dismissed and the complaint is moot against her, depriving the Court of subject matter jurisdiction.  To the remaining allegations in paragraph 29 that relate to the direct conduct of Defendant Frolik, Defendant denies those allegations and asserts that she is not subject to suit because she is protected by qualified immunity.

30.    Defendant Frolik asserts that all of Plaintiff's Fourth Amendment unreasonable search and seizure claims, and fabrication-of-evidence claim, as well as state-law false imprisonment claim all against her have been dismissed and the complaint is moot against her, depriving the Court of subject matter jurisdiction.  To the remaining allegations in paragraph 30 that relate to the direct conduct of Defendant Frolik, Defendant denies those allegations and asserts that she is not subject to suit because she is protected by qualified immunity.

31.    Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 31, therefore they are denied.  To the extent that there are allegations regarding Defendant Frolik conduct, those allegations are denied.

32.    Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 32, therefore they are denied.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

33.    Defendant Frolik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, 33a, 33b, 33c, and 33d.  To the extent that there are allegations regarding Defendant Frolik's conduct Defendant denies those allegations and asserts that she is not subject to suit because she is protected by qualified immunity.

34.    Defendant Frolik asserts that all of Plaintiff's Fourth Amendment unreasonable search and seizure claims, and fabrication-of-evidence claim, as well as state-law false imprisonment claim all against her have been dismissed and the complaint is moot against her, depriving the Court of subject matter jurisdiction.  To the remaining allegations in paragraph 34 that relate to the direct conduct of Defendant Frolik, Defendant denies those allegations and asserts that she is not subject to suit because she is protected by qualified immunity.

35.    Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 35, therefore they are denied.  Defendant Frolik admits the allegations regarding her employment and authority under state law and pursuant to her employment as a Houston police officer.

**Alleged Count I**

36.    Defendant Frolik admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 36; Defendant Frolik's responses and denials to each are incorporated herein.

37.    Defendant Frolik lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.  Defendant Frolik denies that she committed, or Plaintiff suffered any 42 U.S.C. §1983 constitutional rights as alleged in paragraph 37.

**Alleged Count II**

38.    Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 38, therefore they are denied.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

39.    Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 39, therefore they are denied.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

**Alleged Count III**

40.    Defendant Frolik admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 40; Defendant Frolik's responses and denials to each are incorporated herein.

41.    Defendant Frolik asserts that all of Plaintiff's state-law false imprisonment claims against her have been dismissed and the complaint is moot against her, depriving

the Court of subject matter jurisdiction.  To the extent the Court determines otherwise, however, Defendant Froliks denies those allegations as alleged in paragraph 41.

**Alleged Count IV**

42.    Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 42, therefore they are denied.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

43.    Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 43, therefore they are denied.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

44.    Plaintiff intentionally skipped any allegations for paragraph 44; therefore, no response is needed.

**Alleged Count V**

45.    Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 45, therefore they are denied.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

46.    Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 46, therefore they are denied.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

**Alleged Count VI**

47.    Defendant Frolik admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 47; Defendant Frolik's responses and denials to each are incorporated herein.

48.     Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 48, therefore they are denied.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

**Alleged Count VII**

49.     Defendant Frolik admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 49; Defendant Frolik's responses and denials to each are incorporated herein.

50.     Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 50, therefore they are denied.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied. Additionally, Defendant is not required to answer legal conclusions; therefore, she denies those at this time.

**Alleged Peace Officer Liability**

51.     Defendant Frolik admits Plaintiff has brought a claim for punitive damages under 42 U.S.C. §1983, as alleged in paragraph 51.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

52.      Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 52, therefore they are denied.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

53.     Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 53, therefore they are denied.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

54.     Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 54, therefore they are denied.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

**Alleged Claim for Municipal Liability**

55.     Defendant Frolik admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 55; Defendant Frolik's responses and denials to each are incorporated herein.

56.     Defendant Frolik is not required to respond to allegations that do not pertain to Defendant Frolik in paragraph 56.  To the extent that an answer is required, Defendant Frolik denies those allegations.

57.      Defendant Frolik is not required to respond to allegations that do not pertain to Defendant Frolik in paragraph 57.  To the extent that an answer is required, Defendant Frolik denies those allegations.

58.     Defendant Frolik is not required to respond to allegations that do not pertain to Defendant Frolik in paragraph 58. To the extent that an answer is required, Defendant Frolik denies those allegations.

59.     Defendant Frolik is not required to respond to allegations that do not pertain to Defendant Frolik in paragraph 59.  To the extent that an answer is required, Defendant Frolik denies those allegations.

60.     Defendant Frolik is not required to respond to allegations that do not pertain to Defendant Frolik in paragraph 60.  To the extent that an answer is required, Defendant Frolik denies those allegations.

61.     Defendant Frolik is not required to respond to allegations that do not pertain to Defendant Frolik in paragraph 61.  To the extent that an answer is required, Defendant Frolik denies those allegations.

62.     Defendant Frolik is not required to respond to allegations that do not pertain to Defendant Frolik in paragraph 62.  To the extent that an answer is required, Defendant Frolik denies those allegations.

63.     Defendant Frolik is not required to respond to allegations that do not pertain to Defendant Frolik in paragraph 63.  To the extent that an answer is required, Defendant Frolik denies those allegations.

64.     Defendant Frolik is not required to respond to allegations that do not pertain to Defendant Frolik in paragraph 64.  To the extent that an answer is required, Defendant Frolik denies those allegations.

**Alleged Failure to Train**

65.     Defendant Frolik admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 65; Defendant Frolik's responses and denials to each are incorporated herein.

66.     Defendant Frolik is not required to respond to allegations that do not pertain to Defendant Frolik in paragraph 66.  To the extent that an answer is required, Defendant Frolik denies those allegations.

67.     Defendant Frolik is not required to respond to allegations that do not pertain to Defendant Frolik in paragraph 67.  To the extent that an answer is required, Defendant Frolik denies those allegations.

68.     Defendant Frolik is not required to respond to allegations that do not pertain to Defendant Frolik in paragraph 68.  To the extent that an answer is required, Defendant Frolik denies those allegations.

69.     Defendant Frolik is not required to respond to allegations that do not pertain to Defendant Frolik in paragraph 69.  To the extent that an answer is required, Defendant Frolik denies those allegations.

**Alleged Texas Tort Claims Act Claims**

70.     Defendant Frolik admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 70; Defendant Frolik's responses and denials to each are incorporated herein.

71.     Defendant Frolik asserts that all state-law false imprisonment claims have been dismissed, and the complaint is moot against her  depriving the Court of subject matter jurisdiction.  To the extent the Court determines otherwise, Defendant Frolik asserts that her governmental immunity is not waive pursuant to the Texas Tort Claims Act and therefore denies those allegations in paragraph 71.

**Alleged False Imprisonment/Unlawful Detention  Unlawful Arrest**

72.     Defendant Frolik admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 72; Defendant Frolik's responses and denials to each are incorporated herein.

73.     Defendant Frolik asserts that all state-law false imprisonment claims have been dismissed, and the complaint is moot against her, depriving the Court of subject matter jurisdiction.  To the extent the Court determines otherwise, Defendant Frolik asserts

that her governmental immunity is not waived pursuant to the Texas Tort Claims Act and therefore denies those allegations in paragraph 73.

74.    Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 74, therefore they are denied.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

75.    Defendant Frolik is not required to respond to the allegations or claims against other parties in paragraph 75, therefore they are denied.  To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

**Alleged Intentional Infliction of Emotional Distress**

76.    Defendant Frolik admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 76; Defendant Frolik's responses and denials to each are incorporated herein.

77.    Defendant Frolik asserts that all state-law false imprisonment claims have been dismissed, and the complaint is moot against her, depriving the Court of subject matter jurisdiction.  To the extent the Court determines otherwise, Defendant Frolik asserts that her governmental immunity is not waived pursuant to the Texas Tort Claims Act and therefore denies those allegations in paragraph 77.

78.    Defendant Frolik asserts that all state-law false imprisonment claims have been dismissed, and the complaint is moot against her, depriving the Court of subject matter jurisdiction.  To the extent the Court determines otherwise, Defendant Frolik asserts that her governmental immunity is not waived pursuant to the Texas Tort Claims Act and therefore denies those allegations in paragraph 78.

13

**Alleged Additional Damages**

79.    Defendant Frolik asserts that all state-law false imprisonment claims have been dismissed, and the complaint is moot against her, depriving the Court of subject matter jurisdiction.  To the extent the Court determines otherwise, Defendant Frolik  asserts that her governmental immunity is not waived pursuant to the Texas Tort Claims Act and therefore denies those allegations in paragraph 79.

**Alleged Attorney's Fees**

80.    To the extent that there are allegations regarding Defendant Frolik's conduct, those allegations are denied.

**Alleged Jury Demand**

81.    Defendant Frolik admits that Plaintiff demands a jury trial but denies that Plaintiff is entitled to any relief sought in paragraph 81.

<b>AFFIRMATIVE DEFENSES</b>

82.    Defendant Frolik asserts that Plaintiff fails to state an actionable claim against her, upon which relief may be granted, under the U.S. Constitution and 42 U.S.C. §1983.

83.    Defendant Frolik asserts that she is protected by qualified immunity from Plaintiff's claims, which includes protection from pretrial discovery, which is costly, time-consuming, and intrusive.  *Backe v. LeBlanc*, 691 F.3d 645, 648-49 (5th Cir. 2012); *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986).  Consequently, this Court must follow the careful procedure limiting discovery to that which is necessary to ascertain the availability of that defense.  Defendant further asserts that Plaintiff fails to meet the

threshold requirement of stating a claim for relief that is plausible on its face and that would overcome qualified immunity. *Id.* (citing *Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991 (5th Cir. 1995); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (directing that a plaintiff must "state a claim for relief that is plausible on its face" — excluding statements that are "no more than conclusions" which are "not entitled to the assumption of truth")). Plaintiff failed to plead the required specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987).

84.   At the time of the incident in question, Defendant Frolik was a peace officer for the City of Houston and entitled to qualified immunity from suit and from damages because she acted, if at all, without malice, without an intent to deprive Plaintiff of any clearly established rights, with a reasonable good faith belief that her actions were lawful, proper and within as well as pursuant to the scope of his discretionary authority as a peace officer; and she did not violate clearly established law of which a reasonable officer would have known.

85.   Defendant Frolik states that the detention or arrest of Plaintiff, if any, was conducted lawfully, without any intent to injure Plaintiff, was objectively reasonable and did not violate clearly established law of which a reasonable officer would have known.

86.   Defendant Frolik denies that she was deliberately indifferent in any manner and denies any violation of Plaintiff's constitutional rights.

15

87.     Defendant Frolik states that Houston Police Department properly trains its peace officers, including Defendants, in full compliance with the State standards established by the Texas Commission on Law Enforcement (TCOLE), and in accordance with the Constitution, and that Defendants acted in accordance with the law, training, and policy.

88.     Defendant Frolik states that her use of force, if any, was objectively reasonable and did not violate clearly established law of which a reasonable officer would have known, and that no deprivation of Plaintiff's rights occurred on the occasion in question.

89.     Defendant Frolik states that legal authority existed for the actions of any Houston Police Department police officers during the events at issue, and that the actions of City's officers did not violate clearly established law of which a reasonable officer would have known, and that no deprivation of Plaintiff's rights occurred on the occasion in question.

90.     Defendant Frolik states that she cannot be held vicariously liable as a matter of law for negligent or grossly negligent acts, if any, of the City's agents, servants and employees.   Therefore, Defendant Frolik cannot be liable to Plaintiff under a theory of respondeat superior, or for the actions of another Defendant or officer.

91.     Defendant Frolik asserts that to the extent any individual capacity claim is purportedly asserted against her, Plaintiff is not entitled to punitive damages because he cannot show malice, recklessness, or deliberate indifference.   Any claim for punitive damages against Defendant Frolik individually cannot be sustained to the extent not subject

16

to a fact-specific, reasonable limit.  Without waiving any defense, Defendant Frolik states that any award of punitive damages must be based only on the specific facts of this case and Defendant Frolik's own acts and omissions, if any, related thereto.  Any award of punitive damages which do not bear a reasonable relationship to the specific facts of this case, and which are not limited in specific relation to those facts of Defendant Frolik's own acts or omissions, if any, would violate Defendant Frolik's Due Process  rights guaranteed by the Fourteenth Amendment to the U.S. Constitution.

92.     Defendant Frolik asserts that she herself, and any police officers employed by the City Police Department at the time of the incident in question, are entitled to qualified immunity, and are immune from suit and liability in the present case.  Defendant Frolik further asserts that she herself, and any of the City's police officers, were performing discretionary duties within the course and scope of their authority as Houston Police Department peace officers; that their actions were objectively reasonable; that they did not violate clearly-established law of which a reasonable person would have known; and that a reasonable officer could have believed that their actions were lawful in light of clearly-established law and the information they possessed a the time.

93.     Defendant Frolik states that no deprivation of Plaintiff's federal rights occurred in connection with the incident made the basis of this lawsuit.

94.     Defendant Frolik states that probable cause existed to detain and/or arrest Plaintiff.

95.     Defendant Frolik states that Plaintiff's own actions and/or crimes and/or negligence were the sole cause or alternatively, the proximate cause of the occurrence or incident in question and of any alleged resulting damages.

96.     Defendant Frolik states that Plaintiff's contributory negligence and/or crimes or actions were the cause of injuries of which he now complains.

97.     Defendant Frolik asserts official immunity as an affirmative defense to all of Plaintiff's claims and cannot be held vicariously liable for any alleged acts or omissions.

98.     Defendant Frolik asserts the defense of consent, either express or implied, by Plaintiff to any intentional tort cause of action including assault or battery. [Tex. Pen. Code § 22.06; *Gravis v. Physicians & Surgeons Hospital of Alice*, 427 S.W.2d 310, 311 (Tex. 1968)].

99.     Defendant Frolik states she is immune from suit or liability for actions taken towards the prevention of crime or apprehension of a criminal [See Tex. Civ. Prac. & Rem. Code § 87.002].

100.    Defendant Frolik further asserts she is entitled to recover court costs and fees and reasonable attorney's fees from the Plaintiff for claims related to Defendant Frolik's prevention of crime or apprehension of a criminal. [See Tex. Civ. Prac. & Rem. Code § 86.004].

## ATTORNEYS FEES

101.    Defendant Frolik would show that the claims asserted by Plaintiff in this lawsuit are frivolous, unreasonable or groundless, such that defendants are entitled to attorney's fees in a civil rights action when a plaintiff's underlying claim is frivolous,

18

unreasonable or groundless, if they prevail. *Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir. 1999). A suit is "frivolous" for purposes of civil rights attorney fee statute, if it is so lacking in arguable merit as to be groundless or without foundation. *Id.* at 240. Defendant Frolik seeks to recover her reasonable and necessary attorney's fees as prevailing party pursuant to 42 U.S.C. §1988 in defending against Plaintiff's frivolous claim asserted in this lawsuit.

## JURY DEMAND

102. Defendant Frolik demands a trial by jury.

## RESERVATION OF RIGHTS

103. Defendant Frolik reserves the right to amend or supplement this Answer.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Frolik prays that Plaintiff take nothing by his suit, that Defendant Frolik recover their attorneys' fees and costs, and for all other relief to which she may be entitled in equity or under law.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Section Chief, Torts/Civil Rights

By:  */s/ Michelle C. Taylor*
Michelle C. Taylor
Senior Assistant City Attorney
Attorney in Charge
SBN: 224060889
FBN: 3773284
Tel. (832) 393-6248

19

Michelle.Taylor2@houstontx.gov
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-0368

**ATTORNEYS FOR DEFENDANT**
**Officer F. Frolik**

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2025, a true and correct copy of the foregoing document, and any attachments, were delivered to all opposing counsel(s) by electronic filing of same in accordance with the District ECF's service rules, and alternatively via certified mail, return receipt requested, and/or e-mail or facsimile transaction to:

Andre A. Wheeler
P.O. Box 682705
Houston, Texas 77268
Andrewheeler_esq@yahoo.com

/s/ Michelle C. Taylor
Michelle C. Taylor

20