IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Rayshawn Batiste, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:24-cv-00368 |
| City of Houston; Chief Troy Finner, | § | |
| individually; Officer C. Donovan, | § | |
| individually; Sgt. D. Russell, individually; | § | |
| Officer F. Rahimzadeh, individually; | § | |
| Officer G. R. Greenlea, individually; | § | |
| *Defendants* | | |

## DEFENDANT OFFICER GREENLEA'S ORIGINAL ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, Officer Garrett Greenlea ("Defendant Greenlea") files this Original Answer to Plaintiff's First Amended Complaint [Doc. #12] as follows:

1. Defendant Greenlea denies that he committed, or Plaintiff suffered any 42 U.S.C. §1983 violations under the Fourteenth Amendment as alleged in paragraph 1.

2. Defendant Greenlea admits this plaintiff has brought this action under 42 U.S.C. §1983 and §1988, as alleged in paragraph 2.

3. Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 3, to the extent that the Court determines otherwise, Defendant Greenlea denies those allegations contained in paragraph 3.

**Alleged Jurisdiction and Venue**

1

4.      Defendant Greenlea admits the Court generally has federal question jurisdiction generally under 42 U.S.C. §1983 and §1988 as alleged in paragraph 4 but denies that he is subject to suit because he is protected by qualified immunity.

5.  Defendant Greenlea admits venue is proper, as alleged in paragraph 5.

**Alleged Parties**

6.      Defendant Greenlea lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.      Defendant Greenlea lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.      Defendant Greenlea lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      Defendant Greenlea lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.      Defendant Greenlea lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.      Defendant Greenlea admits the allegations in paragraph 11 regarding his employment; Defendant is not required to answer legal conclusion about the capacity in which he is sued, therefore he denied those at this time.

12.      Defendant Greenlea lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

**Alleged Background**

13.     Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 13, therefore they are denied.  To the extent that there are allegations regarding Defendant Greenlea's conduct, those allegations are denied.

14.     Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 14, therefore they are denied.

15.     Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 15, therefore they are denied.

16.     Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 16, therefore they are denied.  To the extent that there are allegations regarding Defendant Greenlea's conduct, those allegations are denied.

17.     Defendant Greenlea denies those allegations in paragraph 17.

18.     Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 18, therefore they are denied.  To the extent that there are allegations regarding Defendant Greenlea's conduct, those allegations are denied.

19.     Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 19, therefore they are denied.  To the extent that there are allegations regarding Defendant Greenlea's conduct, those allegations are denied.

20.     Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 20, therefore they are denied.  To the extent that there are allegations regarding Defendant Greenlea's conduct, those allegations are denied.

21.    Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 21, therefore they are denied.  To the extent that there are allegations regarding Defendant Greenlea's conduct, those allegations are denied.

22.    Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 22, therefore they are denied.  To the extent that there are allegations regarding Defendant Greenlea's conduct, those allegations are denied.

23.    Defendant Greenlea lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.    Defendant Greenlea lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.    Defendant Greenlea lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.    Defendant Greenlea denies the allegations in paragraph 26.

**Alleged Violation of the Fourth and Fourteenth Amendments**

27.    Defendant Greenlea admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 27; Defendant Greenlea's responses and denials to each are incorporated herein.

28.    Defendant Greenlea is not required to answer legal conclusion regarding the Fourth and Fourteenth Amendments as contained in paragraph 28, therefore he denies those at this time.

4

29.    Defendant Greenlea denies the allegations in paragraph 29 that relate to the direct conduct of Defendant Greenlea and asserts that he is not subject to suit because he is protected by qualified immunity.

30.    Defendant Greenlea denies the allegations in paragraph 30 that relate to the direct conduct of Defendant Greenlea and asserts that he is not subject to suit because he is protected by qualified immunity.

31.    Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 31, therefore they are denied.  To the extent that there are allegations regarding Defendant Greenlea's conduct, those allegations are denied.

32.    Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 32, therefore they are denied.  To the extent that there are allegations regarding Defendant Greenlea's conduct, those allegations are denied.

33.    Defendant Greenlea lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, 33a, 33b, 33c, and 33d.  To the extent that there are allegations regarding Defendant Greenlea's conduct, Defendant denies those allegations and asserts that he is not subject to suit because he is protected by qualified immunity.

34.    Defendant Greenlea denies the allegations in paragraph 34 and asserts that he is not subject to suit because he is protected by qualified immunity.

35.    Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 35, therefore they are denied.  Defendant Greenlea admits

the allegations regarding him employment and authority under state law and pursuant to his employment as a Houston police officer.

**Alleged Count I**

36.    Defendant Greenlea admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 36; Defendant Greenlea's responses and denials to each are incorporated herein.

37.    Defendant Greenlea lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.  Defendant Greenlea denies that he committed, or Plaintiff suffered any 42 U.S.C. §1983 violations under the Fourteenth Amendment as alleged in paragraph 37.

**Alleged Count II**

38.    Defendant Greenlea admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 38; Defendant Greenlea's responses and denials to each are incorporated herein.

39.    Defendant Greenlea denies the allegations in paragraph 34 and asserts that he is not subject to suit because he is protected by qualified immunity.

**Alleged Count III**

40.    Defendant Greenlea admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 40; Defendant Greenlea's responses and denials to each are incorporated herein.

41.    Defendant Greenlea denies the allegations in paragraph 41 and asserts that he is not subject to suit because he is protected by qualified immunity.

**Alleged Count IV**

42.    Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 42, therefore they are denied.  To the extent that there are allegations regarding Defendant Greenlea's conduct, those allegations are denied.

43.    Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 43, therefore they are denied.  To the extent that there are allegations regarding Defendant Greenlea's conduct, those allegations are denied.

44.    Plaintiff intentionally skipped any allegations for paragraph 44; therefore, no response is needed.

**Alleged Count V**

45.    Defendant Greenlea admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 45; Defendant Greenlea's responses and denials to each are incorporated herein.

46.    Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 46, therefore they are denied.  To the extent that there are allegations regarding Defendant Greenlea's conduct, those allegations are denied.

**Alleged Count VI**

47.    Defendant Greenlea admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 47; Defendant Greenlea's responses and denials to each are incorporated herein.

48.     Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 48, therefore they are denied.  To the extent that there are allegations regarding Defendant Greenlea's conduct, those allegations are denied.

**Alleged Count VII**

49.     Defendant Greenlea admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 49; Defendant Greenlea's responses and denials to each are incorporated herein.

50.     Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 50, therefore they are denied.  To the extent that there are allegations regarding Defendant Greenlea's conduct, those allegations are denied.

**Alleged Peace Officer Liability**

51.     Defendant Greenlea admits Plaintiff has brought a claim for punitive damages under 42 U.S.C. §1983 and §1988, as alleged in paragraph 51.

52.      Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 52, therefore they are denied.  Defendant Greenlea admits the allegations in paragraph 52 regarding his employment and wearing his uniform, however Defendant is not required to answer legal conclusions about the capacity in which he is sued, therefore he denies those at this time.

53.     Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 53, therefore they are denied.  Defendant Greenlea admits the allegations in paragraph 53 regarding his employment and wearing his uniform,

however Defendant Greenlea is not required to answer legal conclusion about the capacity in which he is sued, therefore he denied those at this time.

54. Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 54, therefore they are denied. Defendant Greenlea admits the allegations in paragraph 54 regarding his employment and wearing his uniform, however Defendant Greenlea is not required to answer legal conclusions about the capacity in which he is sued, therefore he denies those at this time.

**Alleged Claim for Municipal Liability**

55. Defendant Greenlea admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 55; Defendant Greenlea's responses and denials to each are incorporated herein.

56. Defendant Greenlea is not required to respond to allegations that do not pertain to Defendant Greenlea in paragraph 56. To the extent that an answer is required, Defendant Greenlea denies those allegations.

57. Defendant Greenlea is not required to respond to allegations that do not pertain to Defendant Greenlea in paragraph 57. To the extent that an answer is required, Defendant Greenlea denies those allegations.

58. Defendant Greenlea is not required to respond to allegations that do not pertain to Defendant Greenlea in paragraph 58. To the extent that an answer is required, Defendant Greenlea denies those allegations.

59.    Defendant Greenlea is not required to respond to allegations that do not pertain to Defendant Greenlea in paragraph 59.  To the extent that an answer is required, Defendant Greenlea denies those allegations.

60.    Defendant Greenlea is not required to respond to allegations that do not pertain to Defendant Greenlea in paragraph 60.  To the extent that an answer is required, Defendant Greenlea denies those allegations.

61.    Defendant Greenlea is not required to respond to allegations that do not pertain to Defendant Greenlea in paragraph 61.  To the extent that an answer is required, Defendant Russell denies those allegations.

62.    Defendant Greenlea is not required to respond to allegations that do not pertain to Defendant Greenlea in paragraph 62.  To the extent that an answer is required, Defendant Greenlea denies those allegations.

63.    Defendant Greenlea is not required to respond to allegations that do not pertain to Defendant Greenlea in paragraph 63.  To the extent that an answer is required, Defendant Greenlea denies those allegations.

64.    Defendant Greenlea is not required to respond to allegations that do not pertain to Defendant Greenlea in paragraph 64.  To the extent that an answer is required, Defendant Greenlea denies those allegations.

**Alleged Failure to Train**

65.    Defendant Greenlea admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 65; Defendant Greenlea's responses and denials to each are incorporated herein.

66.     Defendant Greenlea is not required to respond to allegations that do not pertain to Defendant Greenlea in paragraph 66.  To the extent that an answer is required, Defendant Greenlea denies those allegations.

67.     Defendant Greenlea is not required to respond to allegations that do not pertain to Defendant Greenlea in paragraph 67.  To the extent that an answer is required, Defendant Greenlea denies those allegations.

68.     Defendant Greenlea is not required to respond to allegations that do not pertain to Defendant Greenlea in paragraph 68.  To the extent that an answer is required, Defendant Greenlea denies those allegations.

69.     Defendant Greenlea is not required to respond to allegations that do not pertain to Defendant Greenlea in paragraph 69.  To the extent that an answer is required, Defendant Greenlea denies those allegations.

**Alleged Texas Tort Claims Act Claims**

70.     Defendant Greenlea admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 70; Defendant Greenlea's responses and denials to each are incorporated herein.

71.     Defendant Greenlea asserts that his governmental immunity is not waived pursuant to the Texas Tort Claims Act and therefore denies those allegations in paragraph 71.

**Alleged False Imprisonment/Unlawful Detention  Unlawful Arrest**

72.     Defendant Greenlea admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 72; Defendant Greenlea's responses and denials to each are incorporated herein.

73.     Defendant Greenlea asserts that his governmental immunity is not waived pursuant to the Texas Tort Claims Act and therefore denies those allegations in paragraph 73.

74.     Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 74, therefore they are denied.  To the extent that there are allegations regarding Defendant Greenlea's conduct, those allegations are denied.

75.     Defendant Greenlea is not required to respond to the allegations or claims against other parties in paragraph 75, therefore they are denied.  To the extent that there are allegations regarding Defendant Greenlea's conduct, those allegations are denied.

**Alleged Intentional Infliction of Emotional Distress**

76.     Defendant Greenlea admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 76; Defendant Greenlea's responses and denials to each are incorporated herein.

77.     Defendant Greenlea asserts that his governmental immunity is not waived pursuant to the Texas Tort Claims Act and therefore denies those allegations in paragraph 77.

78.     Defendant Greenlea asserts that his governmental immunity is not waived pursuant to the Texas Tort Claims Act and therefore denies those allegations in paragraph 78.

**Alleged Additional Damages**

79.     Defendant Greenlea asserts that his governmental immunity is not waived pursuant to the Texas Tort Claims Act and therefore denies those allegations in paragraph 79.

**Alleged Attorney's Fees**

80.     To the extent that there are allegations regarding Defendant Greenlea's conduct, those allegations are denied.

**Alleged Jury Demand**

81.     Defendant Greenlea admits that Plaintiff demands a jury trial but denies that Plaintiff is entitled to any relief sought in paragraph 81.

82.     Defendant Greenlea denies all unanswered allegations in Plaintiff's complaint and in any prior or subsequent amended complaint.

## AFFIRMATIVE DEFENSES

83.     Defendant Greenlea asserts that Plaintiff fails to state an actionable claim against him, upon which relief may be granted, under the U.S. Constitution and 42 U.S.C. §1983.

84.     Defendant Greenlea asserts that he is protected by qualified immunity from Plaintiff's claims, which includes protection from pretrial discovery, which is costly, time-consuming, and intrusive. *Backe v. LeBlanc*, 691 F.3d 645, 648-49 (5th Cir. 2012); *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986).  Consequently, this Court must follow the careful procedure limiting discovery to that which is necessary to ascertain the availability of that defense.  Defendant Greenlea further asserts that Plaintiff fails to meet

13

the threshold requirement of stating a claim for relief that is plausible on its face and that would overcome qualified immunity. *Id.* (citing *Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991 (5th Cir. 1995); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (directing that a plaintiff must "state a claim for relief that is plausible on its face" — excluding statements that are "no more than conclusions" which are "not entitled to the assumption of truth")).  Plaintiff failed to plead the required specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity.  *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987).

85.    At the time of the incident in question, Defendant Greenlea was a peace officer for the City of Houston and entitled to qualified immunity from suit and from damages  because he acted, if at all, without malice, without an intent to deprive Plaintiff of any clearly established rights, with a reasonable good faith belief that his actions were lawful, proper and within as well as pursuant to the scope of his discretionary authority as a peace officer; and he did not violate clearly established law of which a reasonable officer would have known.

86.    Defendant Greenlea states that the detention or arrest of Plaintiff, if any, was conducted lawfully, without any intent to injure Plaintiff, was objectively reasonable and did not violate clearly established law of which a reasonable officer would have known.

87.    Defendant Greenlea denies that he was deliberately indifferent in any manner and denies any violation of Plaintiff's constitutional rights.

88.     Defendant Greenlea states that Houston Police Department properly trains its peace officers, including Defendants, in full compliance with the State standards as established by the Texas Commission on Law Enforcement (TCOLE), and in accordance with the Constitution, and that Defendants acted in accordance with the law, training, and policy.

89.     Defendant Greenlea states that his use of force, if any, was objectively reasonable and did not violate clearly established law of which a reasonable officer would have known, and that no deprivation of Plaintiff's rights occurred on the occasion in question.

90.     Defendant Greenlea states that legal authority existed for the actions of any Houston Police Department police officers during the events at issue, and that the actions of City's officers did not violate clearly established law of which a reasonable officer would have known, and that no deprivation of Plaintiff's rights occurred on the occasion in question.

91.     Defendant Greenlea states that he cannot be held vicariously liable as a matter of law for negligent or grossly negligent acts, if any, of the City's agents, servants and employees.  Therefore, Defendant Greenlea cannot be liable to Plaintiff under a theory of respondeat superior, or for the actions of another Defendant or officer.

92.     Defendant Greenlea asserts that to the extent any individual capacity claim is purportedly asserted against him, Plaintiff is not entitled to punitive damages because he cannot show malice, recklessness, or deliberate indifference.  Any claim for punitive damages against Defendant Greenlea individually cannot be sustained to the extent not

15

subject to a fact-specific, reasonable limit. Without waiving any defense, Defendant Greenlea states that any award of punitive damages must be based only on the specific facts of this case and Defendant Greenlea's own acts and omissions, if any, related thereto. Any award of punitive damages which do not bear a reasonable relationship to the specific facts of this case, and which are not limited in specific relation to those facts of Defendant Greenlea's own acts or omissions, if any, would violate Defendant Greenlea's Due Process rights guaranteed by the Fourteenth Amendment to the U.S. Constitution.

93.    Defendant Greenlea asserts that he himself, and any police officers employed by the City Police Department at the time of the incident in question, are entitled to qualified immunity, and are immune from suit and liability in the present case. Defendant Greenlea further asserts that he himself, and any of the City's police officers, were performing discretionary duties within the course and scope of their authority as Houston Police Department peace officers; that their actions were objectively reasonable; that they did not violate clearly-established law of which a reasonable person would have known; and that a reasonable officer could have believed that their actions were lawful in light of clearly-established law and the information they possessed a the time.

94.    Defendant Greenlea states that no deprivation of Plaintiff's federal rights occurred in connection with the incident made the basis of this lawsuit.

95.    Defendant Greenlea states that probable cause existed to detain and/or arrest Plaintiff.

96.     Defendant Greenlea states that Plaintiff's own actions and/or crimes and/or negligence were the sole cause or alternatively, the proximate cause of the occurrence or incident in question and of any alleged resulting damages.

97.     Defendant Greenlea states that Plaintiff's contributory negligence and/or crimes or actions were the cause of injuries of which he now complains.

98.     Defendant Greenlea asserts official immunity as an affirmative defense to all of Plaintiff's claims and cannot be held vicariously liable for any alleged acts or omissions.

99.     Defendant Greenlea asserts the defense of consent, either express or implied, by Plaintiff to any intentional tort cause of action including assault or battery. [Tex. Pen. Code § 22.06; *Gravis v. Physicians & Surgeons Hospital of Alice*, 427 S.W.2d 310, 311 (Tex. 1968)].

100.    Defendant Greenlea states he is immune from suit or liability for actions taken towards the prevention of crime or apprehension of a criminal [See Tex. Civ. Prac. & Rem. Code § 87.002].

101.    Defendant Greenlea further asserts he is entitled to recover court costs and fees and reasonable attorney's fees from the Plaintiff for claims related to Defendant Greenlea's prevention of crime or apprehension of a criminal. [See Tex. Civ. Prac. & Rem. Code § 86.004].

**ATTORNEY'S FEES**

102.    Defendant Greenlea would show that the claims asserted by Plaintiff in this lawsuit are frivolous, unreasonable or groundless, such that defendants are entitled to attorney's fees in a civil rights action when a plaintiff's underlying claim is frivolous,

17

unreasonable or groundless, if they prevail. *Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir. 1999).  A suit is "frivolous" for purposes of civil rights attorney fee statute, if it is so lacking in arguable merit as to be groundless or without foundation. *Id.* at 240. Defendant Greenlea seeks to recover his reasonable and necessary attorney's fees as prevailing party pursuant to 42 U.S.C. §1988 in defending against Plaintiff's frivolous claim asserted in this lawsuit.

## JURY DEMAND

103.   Defendant Greenlea demands a trial by jury.

## RESERVATION OF RIGHTS

104.   Defendant Greenlea reserves the right to amend or supplement this Answer.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Greenlea prays that Plaintiff take nothing by his suit, that Defendant Greenlea recover their attorneys' fees and costs, and for all other relief to which he may be entitled in equity or under law.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Section Chief, Torts/Civil Rights

By:   */s/ Michelle C. Taylor*
Michelle C. Taylor
Senior Assistant City Attorney
Attorney in Charge
SBN:  224060889
FBN:  3773284
Tel. (832) 393-6248

Michelle.Taylor2@houstontx.gov
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-0368

**ATTORNEYS FOR DEFENDANT**
G.R. Greenlea

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2025, a true and correct copy of the foregoing document, and any attachments, were delivered to all opposing counsel(s) by electronic filing of same in accordance with the District ECF's service rules, and alternatively via certified mail, return receipt requested, and/or e-mail or facsimile transaction to:

Andre A. Wheeler
P.O. Box 682705
Houston, Texas 77268
Andrewheeler_esq@yahoo.com

/s/ Michelle C. Taylor
Michelle C. Taylor

19